# EXHIBIT 1

**SEARCY,** *et al.* **V. BEN HILL COUNTY SCHOOL DISTRICT,** *et al.*
Superior Court of Ben Hill County, Case No. 13-CV-159
EXHIBIT 1

| <u>DATE</u> | <u>DOCUMENT</u> |
|------|----------|
| 7/31/13 | Complaint; Jury Trial Demand |
| 8/1/13 | Summons – Sheriff's Entry of Service on School District |
| 8/13/13 | Summons – Service on Florida Bible Camp, Inc. by Gainesville Process Service |
| 8/29/13 | Answer & Responsive Pleadings on behalf of Defendant Ben Hill County School District |
| 8/29/13 | Motion to Dismiss or for Judgment on the Pleadings on behalf of Defendant Ben Hill County School District |
| 8/29/13 | Motion for Protective Order & Stay of Discovery on behalf of Defendant Ben Hill County School District |
| 9/10/13 | Special Appearance and Answer and Defenses of Defendant Florida Bible Camp; Jury Trial Demand |
| 9/10/13 | Defendant Florida Bible Camp's Motion to Dismiss and Memorandum of Law |
| 10/3/13 | Joint Stipulation Extending Time for Plaintiffs to Respond to Defendant Ben Hill County School District's Motion to Dismiss |
| 10/9/13 | Plaintiffs' Response to Defendant Ben Hill County School District's Motion to Dismiss |
| 10/9/13 | Plaintiffs' Response to Defendant Ben Hill County School District's Motion for Protective Order and Stay of Discovery |
| 10/14/13 | Joint Stipulation Extending Time for Plaintiffs to Respond to Defendant Florida Bible Camp's Motion to Dismiss |
| 10/15/13 | Notice of Hearing [Hearing on 11/18/13] |
| 10/21/13 | Plaintiffs' Response to Defendant Florida Bible Camp's Motion to Dismiss |
| 10/21/13 | Plaintiffs' Request for Oral Argument |
| 10/29/13 | Order Rescheduling Hearing [12/19/13 @ 9:00 a.m.] |
| 10/30/13 | Notice of Hearing [11/18/13] |
| 12/30/13 | Order Rescheduling Hearing [2/3/14 @ 9:00 a.m.] |
| 1/14/14 | Order Rescheduling Hearing [3/6/14 @ 9:00 a.m.] |
| 2/20/14 | First Amended Complaint; Jury Trial Demand |

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

FILED IN OFFICE

JUL 3 1 2013

Beth Lynn Johnson
CLERK SUPERIOR COURT, BEN HILL CO., GA

CARLTON SEARCY, as Natural Father; and,
MICHELLE SEARCY, as Natural Mother, and
Jointly as Co-Personal Representatives of
DON'TERIO SEARCY, deceased,

    Plaintiffs,

CASE NO.: 13CV-159

v.

BEN HILL COUNTY SCHOOL DISTRICT, and
FLORIDA BIBLE CAMP, INC.,

    Defendants.

_____/

## COMPLAINT

COME NOW, Plaintiffs CARLTON SEARCY, as natural father; and, MICHELLE

SEARCY, as natural mother, and jointly, as Co-Personal Representatives of DON'TERIO

SEARCY, deceased, by and through their undersigned counsel, and hereby files this Complaint

against the above-named Defendants FLORIDA BIBLE CAMP, INC., (hereinafter FLORIDA

BIBLE CAMP) and BEN HILL COUNTY SCHOOL DISTRICT (hereinafter BHCSD), for

causing the death of DON'TERIO SEARCY on August 2, 2011, for which Plaintiffs now seek

damages, and in support thereof allege as follows:

### JURISDICTION AND PARTIES

1.    This action is brought for wrongful death pursuant to Georgia's Wrongful Death

Act.

2.    Defendant FLORIDA BIBLE CAMP, is a Florida corporation, organized and

existing under the laws of the State of Florida, and operating and conducting business in High

Springs, Alachua County, Florida.

1

3.    Jurisdiction is proper as to Defendant FLORIDA BIBLE CAMP.

4.    Venue is proper as to Defendant FLORDIA BIBLE CAMP.

5.    Defendant BEN HILL COUNTY SCHOOL DISTRICT is a political subdivision of the state of Georgia, organized and existing under the laws of the State of Georgia, and operating and conducting business in Ben Hill County, Georgia.

6.    Jurisdiction is proper as to Defendant BEN HILL COUNTY SCHOOL DISTRICT.

7.    Venue is proper as to Defendant BEN HILL COUNTY SCHOOL DISTRICT

8.    Plaintiff DON'TERIO SEARCY, deceased, was a minor and a resident of Ben Hill County, Georgia, at all times material to the subject incident.

9.    Plaintiff CARLTON SEARCY, natural father and survivor of DON'TERIO SEARCY, and Co-Personal Representative of the Estate of DON'TERIO SEARCY, was a resident of Richland County, South Carolina, at all times material to the subject incident.

10.    MICHELLE SEARCY, natural mother and survivor of DON'TERIO SEARCY, was a resident of Ben Hill County, Georgia, at all times material to the subject incident.

FACTUAL ALLEGATIONS

11.    Plaintiff Don'Terio Searcy was a seventeen year-old high school student at Fitzgerald High School (a member institution of the Ben Hill County School District) who played football for Fitzgerald High School in Ben Hill County, Georgia.

12.    On or about, July 31, 2011, the Fitzgerald High School football team including Plaintiff Don'Terio Searcy arrived at Florida Bible Camp in High Springs, Florida, to begin football practice and training. Attendance at the camp was required of the football team members.

2

13.     Florida Bible Camp owned, operated and marketed its facilities to school football teams, including Fitzgerald High School in Ben Hill County, Georgia.

14.     The Fitzgerald High School football team including Plaintiff Don'Terio Searcy, practiced on the property owned by Florida Bible Camp in High Springs, Florida, on the evening of July 31, 2011.

15.     On August 1, 2011, the football team held three separate practices.

16.     The heat and humidity index on August 1, 2011, in High Springs, Florida was dangerously high and posed a risk to human health, but was not uncommon for High Springs, Florida, during that time of the year.

17.     During the third football practice of August 1, 2011, Plaintiff Don'Terio Searcy began to experience symptoms of heat-related illness, including but not limited to, light-headedness, loss of consciousness, cramping, nausea, vomiting, and incoherent speech.

18.     A Fitzgerald High School football coach found Don'Terio Searcy unconscious in a bathroom on the Florida Bible Camp premise during a practice that evening. However, none of the Fitzgerald High School football coaches or staff, nor any Florida Bible Camp employee or staff, called for emergency medical care, sought medical treatment for DJ Searcy, nor informed his parents that he suffered from a medical emergency.

19.     On August 1, 2011, Plaintiff Don'Terio Searcy continued to exhibit symptoms of heat-related illness and/or a medical emergency throughout the evening.

20.     On the morning of August 2, 2011, the climatic conditions in High Springs, Florida, were essentially the same as the preceding day and a National Weather Service heat advisory remained in effect for the region.

3

21.     Despite these conditions and the events of August 1, 2011, Fitzgerald High School held another practice on the morning of August 2, 2011, during which time Plaintiff Don'Terio Searcy continued to exhibit and experience symptoms indicating heat-illness and/or a medical emergency, which worsened as the day progressed and eventually caused his untimely death.

22.     Defendant Florida Bible Camp knew that Fitzgerald High School football team intended to conduct football practice and training on its premise, but did not have any medical personnel on staff that could and would recognize the symptoms of heat-related illness and/or a medical emergency, that could and should have provided treatment for Plaintiff Don'Terio Searcy for heat-related illness and/or a medical emergency, or summons medical treatment for Plaintiff.

23.     Defendant Florida Bible Camp did not provide or require persons or entities to have medical personnel present on the property while utilizing the facilities for football activities.

24.     Defendant Florida Bible Camp failed to provide, train and/or promulgate policies and procedures for persons or entities utilizing its property on how to summon medical care, and how to respond to emergency medical needs.

25.     Florida Bible Camp did not promulgate policies and procedures, nor require persons or entities utilizing their property for recreational purposes including football camps, to not participate in football activities (practice) when the heat-humidity reached levels that posed danger to human health and/or when a heat advisory is in effect, despite the commonly known climatic conditions of High Springs, Florida in August.

4

26.     Defendant Florida Bible Camp did not provide or require persons or entities to utilize wet-bulb thermometers to measure the heat-index, nor have life-saving measures available on the premise to combat heat-illness and/or a medical emergency.

27.     Florida Bible Camp knew or should have known the danger that the high heat index posed to human health on or about August 1-2, 2011, as the National Weather Service issued a heat advisory that was in effect during that time.

28.     Defendant Florida Bible Camp failed to inform Fitzgerald High School staff and students of the National Weather Service's heat advisory; and/or, failed to have a method in place to apprise themselves of the weather conditions on a daily basis.

29.     Upon information and belief, Defendant BHCSD, failed to summon emergency medical care when it found Plaintiff Don'Terio Searcy unconscious, an obvious medical emergency.

30.     Defendant BHCSD failed to summon medical care when he continued to exhibit symptoms of heat-related illness and/or a medical emergency up until the time of his death.

31.     Instead Defendant BHCSD forced Plaintiff Don'Terio Searcy to continue practicing while enduring a medical emergency, and exhibiting symptoms of a medical emergency.

32.     In addition, BHCSD failed to inform Plaintiff Don'Terio Searcy's parents that he was experiencing a medical emergency.

33.     Summoning medical care, and/or summoning medical care to respond to a medical emergency and/or informing a minor's parents that he or she is experiencing a medical emergency is a ministerial act, required by law and policy. Simply, a participant cannot be

required to continue to participate in football practice while experiencing and/or exhibiting symptoms of an emergency medical condition.

34.    Defendant BHCSD failed to use a wet bulb globe during the practices to ascertain whether climatic conditions posed a danger to human health, failed to cancel practice during life-threatening climatic conditions when a National Heat Advisory was in effect, which are ministerial acts required by law or policy.

35.    Defendant BHCSD failed to have a cold immersion tub on the field in the event a football player began experiencing heat-illness; a ministerial act required by law.

36.    Furthermore, Defendant BHCSD failed to provide and/or allow Don'Terio Searcy proper hydration, failed to require and/or allow him to wear appropriate football gear, and failed to allow him the proper amount of rest or breaks during football practice, drills, and training, all of which are ministerial acts required by law or policy.

37.    Defendants FLORIDA BIBLE CAMP and BHCSD'S actions and omissions actually and proximately caused the death of Don'Terio Searcy.

38.    Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural parents and representatives, are entitled to damages pursuant to Georgia's Wrongful Death Act for the full value of decedent's life, including but not limited to the following:

> (a)    Loss of past and future support and services with interest;
>
> (b)    Loss of earnings and net accumulations to the Estate of Don'Terio Searcy
>
> (c)    Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;
>
> (d)    Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

6

(e)   Any and all other and further relief as this Court may deem appropriate.

## COUNT I
### NEGLIGENCE – VIOLATIONS OF MINISTERIAL DUTIES AND REQUIREMENTS
### BEN HILL COUNTY SCHOOL DISTRICT

39.   Plaintiffs hereby incorporate paragraphs 1-38 as though fully set forth herein.

40.   This is an action brought against Defendant BEN HILL COUNTY SCHOOL DISTRICT pursuant to the Georgia Wrongful Death Act.

41.   At all times material hereto, Fitzgerald High School football team coaches and staff were employees and/or agents of Defendant BHCSD, acting within the course and scope of their employment with same, and in furtherance of the interest of the school board and with its consent.

42.   As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

43.   BHCSD by and through its employees and agents, owed a duty to Don'Terio Searcy, to act in a prudent and reasonable manner with regards to his health and safety. Fitzgerald High School football coaches and staff breached the duty owed to Don'Terio Searcy and were negligent failed to follow established procedures and instruction by:

A) failing to properly acclimatize football players to climate conditions, including failing to give football players adequate rest periods, and failing to require the use of proper football gear;

B) failing to use a wet bulb globe to determine whether climatic conditions posed a risk to human health;

C) failing to have medical staff present on the field;

D) failing to have a cold immersion tub on the field;

7

E) failing to train coaches to recognize heat-illness;

F) failing to train coaches on how to respond to medical emergencies including loss of consciousness and heat-illness;

G) failing to summons medical care for Don'Terio Searcy;

H) failing to summons emergency medical care for Don' Terio Searcy;

I) failing to call 911;

J) failing to inform Plaintiff's parents of medical emergency;

K) forcing Don'Terio Searcy to continue practice while exhibiting symptoms of heat-illness and/or a medical need and/or emergency; and,

L) failing to cancel practice during climatic conditions posing risk to human health and when the National Weather Service issued heat advisory warning.

44.    Defendant BHCSD knew or should have known of the dangers posed by the heat index on or about August 1-2, 2011, as the National Weather Service issued a heat advisory warning for Florida during that time period.

45.    In addition, High Springs, Florida annually experiences extreme heat during the month of August. Therefore, Defendant BHCSD knew or should have known the dangers posed by the extreme heat conditions to persons participating in recreational activities during the month of August in general, and August 1-2, 2011; as such, the danger posed to the health of the football players including Don'Terio Searcy was forseeable and predictable.

46.    Defendant BHCSD'S actions and omissions were unreasonable and violated procedures, laws, instructions and policy, and actually and proximately caused the death of Don'Terio Searcy.

8

47.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural parents and representatives, claim damages on behalf of his estate as provided by the Georgia Wrongful Death Act for the full value of decedent's life, including but not limited to the following:

      (a)     Loss of past and future support and services with interest;

      (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

      (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

      (d)     Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

      (e)     Any and all other and further relief as this Court may deem appropriate.

### COUNT II
### NEGLIGENCE
### FLORIDA BIBLE CAMP

48.     Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

49.     This is an action brought against Defendant FLORIDA BIBLE CAMP pursuant to the Georgia Wrongful Death Act.

50.     Defendant FLORIDA BIBLE CAMP had a non-delegable duty to act in a reasonable and prudent manner toward its invitees, to use reasonable care to ensure the premise was in a reasonably safe condition, and to warn invitees of known dangerous conditions.

51.     Defendant FLORIDA BIBLE CAMP knew or should have known of the dangers posed by the heat index on or about August 1-2, 2011, as the National Weather Service issued a heat advisory warning for Florida during that time period.

52.     In addition, High Springs, Florida annually experiences extreme heat during the month of August.

9

53.     Defendant FLORIDA BIBLE CAMP knew or should have known the dangers posed by the extreme heat conditions to persons participating in recreational activities during the month of August in general, and August 1-2, 2011; the danger posed to football players practicing and training on the premise was thus forseeable.

54.     Defendant FLORIDA BIBLE CAMP was negligent and breached the duties owed to Plaintiff DON'TERIO SEARCY by the following actions and inactions:

A)     failing to inform the Fitzgerald High School Staff and students of the National Weather Service's heat advisory warning for Florida during that time period;

B)     failing to promulgate policies and procedures requiring persons or entities utilizing their property for recreational purposes including football camps, to cancel practice when climatic conditions reached levels that posed danger to human health, especially when the National Weather Service issued a heat advisory;

C)     failing to have medical personnel present on the property and/or failing to require persons or entities to have medical personnel present on the property;

D)     failing to require persons or entities to utilize wet bulb globes to measure climatic conditions, and/or have life-saving measures available on the premise to combat heat-illness;

E)     failing to promulgate policies and procedures to entities and/or persons utilizing the property on how to respond to emergency medical care and/or how to summon emergency medical care; and,

F) failing to require entities and/or persons utilizing the subject property to report any serious medical condition or emergency medical condition; such as, loss of consciousness, to property management.

55. Defendant FLORIDA BIBLE CAMP'S actions and omissions were negligent and unreasonable, and actually and proximately caused the death of Plaintiff Don'Terio Searcy.

56. Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural and joint representatives, and claim damages on behalf of his estate and as provided by the Georgia Wrongful Death Act, for the full value of decedent's life, including but not limited to the following:

(a) Loss of past and future support and services with interest;

(b) Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

(c) Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

(d) Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

(e) Any and all other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CARLTON SEARCY and MICHELLE SEARCY, decedent's natural parents are statutory survivors of his estate, respectfully requests that this Court award the following damages as provided by the Georgia Wrongful Death Act, including but not limited to the following:

(a) Loss of past and future support and services with interest;

(b) Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

11

(c)    Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

(d)    Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death;

(e)    The full value of the life of Don'Terio Searcy; and

(e)    Any and all other and further relief as this Court may deem appropriate.

## TRIAL BY JURY

WHEREFORE, Plaintiffs, decedent DON'TERIO SEARCY, CARLTON SEARCY, as natural father of Don'Terio Searcy; and MICHELLE SEARCY, as natural mother of Don'Terio Searcy, and jointly as Representatives of the Estate of DON'TERIO SEARCY, deceased, and hereby demand a trial by jury on all issues so triable.

Dated this 30 day of July, 2013.

Respectfully Submitted,

**STEEL & MOSS, LLP**

John D. Steel
Georgia Bar No. 677646

15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 264-1292

12

Second Original Service Copy

IN THE SUPERIOR/STATE COURT OF ____BEN HILL____ COUNTY

## STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and
MICHELLE SEARCY, as Natural other. and
Jointly, as Co-Personal Representatives of
DON'TERIO SEARCY, deceased

CIVIL ACTION
NUMBER ___13 CV-159___

**PLAINTIFF**

Vs.

BEN HILL COUNTY SCHOOL DISTRICT
c/o Nancy P. Whidden, Superintendent
509 West Palm Street
Fitzgerald, Georgia 31750

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**John D. Steel, Esq.**
**STEEL & MOSS, LLP**
**15 Piedmont Center, Suite 1560**
**3575 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _31st_ day of _July_    _2013_

Clerk of Superior Court/State Court

By _____
Deputy Clerk

SC-1 Rev. 85

SHERIFF'S ENTRY OF SERVICE                    SC-85-2                                    CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. _____13 CV-159_____

Date Filed _____7-31-2013_____

Superior Court ☒    Magistrate Court ☐
State Court ☐       Probate Court ☐
Juvenile Court ☐

Georgia, ____Ben Hill____ COUNTY

_____Carlton Searcy, et al._____

Attorney's Address **Steel & Moss, LLP**
**3575 Piedmont Road, NE**
**15 Piedmont Center**
**Suite 1560**

Plaintiff

VS.

Name and Address of Party to be Served.

_Ben Hill County School District_

_Ben Hill County School_
_District et al._

Defendant

c/o _Nancy P. Whidden, Superintendent_

_509 West Palm Street_

_Fitzgerald, GA 31750_

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☒
I have this day served the defendant _Ben Hill Co. School Dist_ personally with a copy
of the within action and summons. _c/o Nancy P. Whidden, Superintendent_

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __1st__ day of __Aug.__, 20 __13__.

_John D. Burth_
**DEPUTY**

SHERIFF DOCKET _13_ PAGE _420_

**COPY**

Second Original Service Copy

**IN THE SUPERIOR/STATE COURT OF** ___BEN HILL___ **COUNTY**

**STATE OF GEORGIA**

CARLTON SEARCY, as Natural Father; and
MICHELLE SEARCY, as Natural other. and
Jointly, as Co-Personal Representatives of
DON'TERIO SEARCY, deceased

CIVIL ACTION
NUMBER ___13 CV-159___

_____
**PLAINTIFF**
Vs.

Florida Bible Camp, Inc.
c/o Lawton Skipper, Jr., Registered Agent
122 SW 127 Street
Newberry, FL 32669

_____
**DEFENDANT**

Date: 8/13/13  Time: 7:20p.m.
Q. Mercer
Gainesvile Process Service

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and
serve upon the Plaintiff's attorney, whose name and address is:

John D. Steel, Esq.
STEEL & MOSS, LLP
15 Piedmont Center, Suite 1560
3575 Piedmont Road, NE
Atlanta, Georgia 30305

an answer to the complaint which is herewith served upon you, within 30 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

This _31st_ day of _July_, _2013_.

Clerk of Superior Court/State Court

By _Lee C Mercer_
Deputy Clerk

SC-1 Rev. 85



COPY

**IN THE SUPERIOR COURT OF BEN HILL COUNTY**
**STATE OF GEORGIA**

FILED IN OFFICE

AUG 3 0 2013

*Bett. Sue Johnson*
CLERK SUPERIOR COURT, BEN HILL CO., GA.

CARLTON SEARCY, as Natural Father; and )
MICHELLE SEARCY, as Natural Mother, and )
Jointly as Co-Personal Representatives of )
DON'TERIO SEARCY, deceased, )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiffs, )　　CIVIL ACTION FILE
　　　　　　　　　　　　　　　　　　　　　　 )
v. )　　NO. 13-CV-159
　　　　　　　　　　　　　　　　　　　　　　 )
BEN HILL COUNTY SCHOOL DISTRICT; and )
FLORIDA BIBLE CAMP, INC., )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　　　　 )

### ANSWER AND RESPONSIVE PLEADINGS OF
### DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT

COMES NOW Defendant Ben Hill County School District (hereafter "this Defendant" or

"the School District"), by and through its undersigned attorneys, and responds to Plaintiffs'

Complaint as follows:

#### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and

therefore, should be dismissed.

#### SECOND DEFENSE

The School District is entitled to the defense of sovereign immunity, and Plaintiffs are

barred from seeking and obtaining some or all of the relief sought by them against the School

District by virtue of the doctrine of sovereign immunity.

#### THIRD DEFENSE

The actions of the School District were not the proximate cause of any alleged injury or

damages complained of in the Complaint and by reason of such lack of proximate causation,

Plaintiffs are not entitled to recover any sum whatsoever from this Defendant.

## FOURTH DEFENSE

Any injury or damages suffered by Plaintiffs was the result of an independent intervening cause and not the result of any alleged negligence or other actions or inactions of the School District.

## FIFTH DEFENSE

Plaintiffs and/or the other Defendant or non-parties failed to exercise ordinary care for the safety of Don'terio Searcy, and by reason of such failure to exercise such ordinary care, Plaintiffs are not entitled to recover for some or all of the claims set forth in their Complaint.

## SIXTH DEFENSE

Plaintiffs and/or the other Defendant or non-parties were negligent and their negligence was equal to or greater than any negligence by the School District, and by reason of such comparative negligence, Plaintiffs are not entitled to recover for some or all of the claims asserted in their Complaint.

## SEVENTH DEFENSE

Plaintiffs voluntarily assumed the risk involved in the incident complained of in the Complaint, and by reason of such assumption of risk, Plaintiffs are not entitled to recover for some or all of the claims set forth in their Complaint.

## EIGHTH DEFENSE

In responding to the separately numbered paragraphs of Plaintiffs' Complaint, this Defendant states:

### JURISDICTION AND PARTIES

1.

Paragraph 1 of Plaintiffs' Complaint is a statement describing the nature of the action brought by Plaintiffs, to which a response is not required. To the extent that one is required, this

2

Defendant denies that Plaintiffs have stated a cause of action against it.

2.

This Defendant is without sufficient knowledge and information to either admit or deny the allegations of paragraph 2 of Plaintiffs' Complaint.

3.

This Defendant is without sufficient knowledge and information to either admit or deny the allegations of paragraph 3 of Plaintiffs' Complaint.

4.

This Defendant is without sufficient knowledge and information to either admit or deny the allegations of paragraph 4 of Plaintiffs' Complaint.

5.

This Defendant admits the allegations of paragraph 5 of Plaintiffs' Complaint.

6.

This Defendant denies that this Court has jurisdiction over the School District, inasmuch as Plaintiffs have failed to state any cause of action entitling them to any relief against the School District.

7.

This Defendant admits the allegations of paragraph 7 of Plaintiffs' Complaint.

8.

This Defendant admits the allegations of paragraph 8 of Plaintiffs' Complaint.

9.

This Defendant admits that Plaintiff Carlton Searcy was the natural father and survivor of Don'terio Searcy but is without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

3

10.

This Defendant admits the allegations of paragraph 10 of Plaintiffs' Complaint.

### FACTUAL ALLEGATIONS

11.

This Defendant admits that Don'terio Searcy was a student and played football for Fitzgerald High School, which is a school in the Ben Hill County School District, but denies the remaining allegations of paragraph 11 of Plaintiffs' Complaint.

12.

This Defendant admits the allegations of paragraph 12 of Plaintiffs' Complaint.

13.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 13 of Plaintiffs' Complaint.

14.

This Defendant admits the allegations of paragraph 14 of Plaintiffs' Complaint.

15.

This Defendant admits that the football team held practices on August 1, 2011 but denies the remaining allegations of paragraph 15 of Plaintiffs' Complaint.

16.

This Defendant denies that the heat and humidity index on August 1, 2011 in High Springs, Florida was dangerously high and posed a risk to human health and is without sufficient knowledge and information either to admit or deny the remaining allegations of paragraph 16 of Plaintiffs' Complaint.

17.

This Defendant denies the allegations of paragraph 17 of Plaintiffs' Complaint.

4

18.

This Defendant denies the allegations of paragraph 18 of Plaintiffs' Complaint.

19.

This Defendant denies the allegations of paragraph 19 of Plaintiffs' Complaint.

20.

This Defendant admits that the National Weather Service issued a heat advisory later in the day on August 2, 2011 but denies that there was a heat advisory at the time the football team practiced in the morning and denies the remaining allegations of paragraph 20 of Plaintiffs' Complaint.

21.

This Defendant admits that a practice was held on the morning of August 2, 2011 but denies the remaining allegations of paragraph 21 of Plaintiffs' Complaint.

22.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 22 of Plaintiffs' Complaint.

23.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 24 of Plaintiffs' Complaint.

25.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 25 of Plaintiffs' Complaint.

26.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 26 of Plaintiffs' Complaint.

27.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 27 of Plaintiffs' Complaint.

28.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 28 of Plaintiffs' Complaint.

29.

This Defendant denies the allegations of paragraph 29 of Plaintiffs' Complaint.

30.

This Defendant denies the allegations of paragraph 30 of Plaintiffs' Complaint.

31.

This Defendant denies the allegations of paragraph 31 of Plaintiffs' Complaint.

32.

This Defendant denies the allegations of paragraph 32 of Plaintiffs' Complaint.

33.

This Defendant denies the allegations of paragraph 33 of Plaintiffs' Complaint.

34.

This Defendant admits that a wet bulb globe was not utilized but states that an Extech Heat Watch was used and denies the remaining allegations of paragraph 34 of Plaintiffs' Complaint.

35.

This Defendant admits that a cold immersion tub was not on the field but denies the remaining allegations of paragraph 35 of Plaintiffs' Complaint.

36.

This Defendant denies the allegations of paragraph 36 of Plaintiffs' Complaint.

37.

This Defendant denies the allegations of paragraph 37 of Plaintiffs' Complaint.

38.

This Defendant denies the allegations of paragraph 38 of Plaintiffs' Complaint.

## COUNT I – NEGLIGENCE – VIOLATIONS OF MINISTERIAL DUTIES AND REQUIREMENTS BEN HILL COUNTY SCHOOL DISTRICT

39.

This Defendant incorporates its responses to paragraphs 1 through 38 above in response to the allegations of paragraph 39 of Plaintiffs' Complaint.

40.

Paragraph 40 of Plaintiffs' Complaint is a statement describing the nature of the action brought by Plaintiffs, to which a response is not required. To the extent that one is required, this Defendant denies that Plaintiffs have stated a cause of action against it.

41.

This Defendant admits that the football team coaches were employees of the School District, acting in the course and scope of their employment, but denies the remaining allegations of paragraph 41 of Plaintiffs' Complaint.

42.

This Defendant denies the allegations of paragraph 42 of Plaintiffs' Complaint.

7

43.

This Defendant denies the allegations of paragraph 43 of Plaintiffs' Complaint.

44.

This Defendant denies the allegations of paragraph 44 of Plaintiffs' Complaint.

45.

This Defendant denies the allegations of paragraph 45 of Plaintiffs' Complaint.

46.

This Defendant denies the allegations of paragraph 46 of Plaintiffs' Complaint.

47.

Paragraph 47 of Plaintiffs' Complaint is a statement describing the nature of the action brought by Plaintiffs, to which a response is not required. To the extent that one is required, this Defendant denies that Plaintiffs are entitled to any damages from the School District.

### COUNT II – NEGLIGENCE – FLORIDA BIBLE CAMP

48.

This Defendant incorporates its responses to paragraphs 1 through 47 above in response to the allegations of paragraph 48 of Plaintiffs' Complaint.

49.

Paragraph 49 of Plaintiffs' Complaint is a statement describing the nature of the action brought by Plaintiffs, to which a response is not required. To the extent that one is required, this Defendant denies that Plaintiffs have stated a cause of action against it.

50.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 50 of Plaintiffs' Complaint.

8

51.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 51 of Plaintiffs' Complaint.

52.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 53 of Plaintiffs' Complaint.

54.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 54 of Plaintiffs' Complaint.

55.

This Defendant is without sufficient knowledge and information either to admit or deny the allegations of paragraph 55 of Plaintiffs' Complaint.

56.

Paragraph 56 of Plaintiffs' Complaint is a statement describing the nature of the action brought by Plaintiffs, to which a response is not required. To the extent that one is required, this Defendant denies that Plaintiffs are entitled to any damages from the School District.

## GENERAL DENIAL

All allegations of Plaintiffs' Complaint that have not been admitted, denied or otherwise responded to above are hereby denied.

Based on the foregoing, this Defendant states that Plaintiffs are not entitled to any of the relief prayed for in their Complaint.

WHEREFORE, having fully answered, this Defendant prays for judgment in its favor and against Plaintiffs, to be discharged without costs and to be awarded such costs, attorney's fees and relief as this Court may deem equitable and proper.

This 29th day of August, 2013.

Phillip L. Hartley
Georgia Bar No. 333987
Hieu M. Nguyen
Georgia Bar No. 382526

Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399

And

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

**IN THE SUPERIOR COURT OF BEN HILL COUNTY**
**STATE OF GEORGIA**

CARLTON SEARCY, *et al.*,                           )
                                                    )
      Plaintiffs,                               )      CIVIL ACTION FILE
                                                    )
v.                                                  )      NO. 13-CV-159
                                                    )
BEN HILL COUNTY SCHOOL DISTRICT,                    )
*et al.*,                                           )
                                                    )
      Defendants.                               )
_____                )

## CERTIFICATE OF SERVICE

      The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Answer and Responsive*

*Pleadings on behalf of Defendant Ben Hill County School District* by depositing the same in the

U.S. Mail with proper postage thereon, addressed to:

      John D. Steel
      Steel & Moss, LLP
      15 Piedmont Center, Suite 1560
      3575 Piedmont Road, N.E.
      Atlanta, Georgia 30305

      This 29th day of August, 2013.

                      HARBEN, HARTLEY & HAWKINS, LLP

                      Hieu M. Nguyen
                      Georgia Bar No. 382526

                      ATTORNEYS FOR DEFENDANT
                      BEN HILL COUNTY SCHOOL DISTRICT

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399



FILED IN OFFICE

AUG 3 0 2013

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

*Batty Lynn Johnson*
CLERK SUPERIOR COURT, BEN HILL CO., GA.

CARLTON SEARCY, as Natural Father; and          )
MICHELLE SEARCY, as Natural Mother, and         )
Jointly as Co-Personal Representatives of       )
DON'TERIO SEARCY, deceased,                      )
                                                 )
            Plaintiffs,                          )          CIVIL ACTION FILE
                                                 )
v.                                               )          NO. 13-CV-159
                                                 )
BEN HILL COUNTY SCHOOL DISTRICT; and            )
FLORIDA BIBLE CAMP, INC.,                        )
                                                 )
            Defendants.                          )

## MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS ON BEHALF OF DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT

COMES NOW Defendant Ben Hill County School District, and moves for a dismissal of

Plaintiffs' Complaint or for Judgment on the Pleadings pursuant to O.C.G.A. §§ 9-11-12(b)(6) or

9-11-12(c). The grounds for this Motion are set forth in the accompanying brief in support of

this Defendant's Motion to Dismiss.

This 29th day of August, 2013.

HARBEN, HARTLEY & HAWKINS, LLP

Hieu M. Nguyen
Georgia Bar No. 382526
Phillip L. Hartley
Georgia Bar No. 333987

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399

And

1

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

2

**IN THE SUPERIOR COURT OF BEN HILL COUNTY**
**STATE OF GEORGIA**

CARLTON SEARCY, *et al.*,                          )
                                                   )
      Plaintiffs,                         )          CIVIL ACTION FILE
                                                   )
v.                                                 )          NO. 13-CV-159
                                                   )
BEN HILL COUNTY SCHOOL DISTRICT,                   )
*et al.*,                                          )
                                                   )
      Defendants.                        )
_____                )

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Motion to Dismiss or for*

*Judgment on the Pleadings on behalf of Defendant Ben Hill County School District* by depositing

the same in the U.S. Mail with proper postage thereon, addressed to:

    John D. Steel
    Steel & Moss, LLP
    15 Piedmont Center, Suite 1560
    3575 Piedmont Road, N.E.
    Atlanta, Georgia 30305

This 29th day of August, 2013.

                 HARBEN, HARTLEY & HAWKINS, LLP

                 Hieu M. Nguyen
                 Georgia Bar No. 382526

                 ATTORNEYS FOR DEFENDANT
                 BEN HILL COUNTY SCHOOL DISTRICT

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399



FILED IN OFFICE

AUG 30 2013

Barre Anna Johnson
CLERK SUPERIOR COURT, BEN HILL CO., GA.

## IN THE SUPERIOR COURT OF BEN HILL COUNTY
## STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and )
MICHELLE SEARCY, as Natural Mother, and )
Jointly as Co-Personal Representatives of )
DON'TERIO SEARCY, deceased, )
                                 )
        Plaintiffs,          )    CIVIL ACTION FILE
                                 )
v.                              )    NO. 13-CV-159
                                 )
BEN HILL COUNTY SCHOOL DISTRICT; and )
FLORIDA BIBLE CAMP, INC., )
                                 )
        Defendants.       )

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS OR FOR JUDGMENT
## ON THE PLEADINGS ON BEHALF OF
## DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT

---

Plaintiffs, parents of Don'terio Searcy, a former student of Defendant Ben Hill County

School District (hereafter "School District" or "District"), filed this Complaint against the School

District and Florida Bible Camp, Inc.[1] Plaintiffs allege that Defendants are liable in tort for the

death of Don'terio, who tragically died some time after morning practice at football camp.

However, Plaintiffs cannot assert such tort claims against the School District unless sovereign

immunity has been waived, which in this case, it has not. Consequently, the School District

moves to dismiss the Complaint or for judgment on the pleadings, pursuant to O.C.G.A. § 9-11-

12(b)(6) or O.C.G.A. § 9-11-12(c), on the grounds that it is protected by the doctrine of

sovereign immunity.

---

[1] As noted above, this Motion is filed on behalf of Defendant Ben Hill County School District
only.

## STATEMENT OF THE CASE AND FACTS[2]

Plaintiffs filed this Complaint on July 31, 2013.   The School District timely filed its Answer and Responsive Pleadings on August 30, 2013.  Contemporaneously with the filing of the Answer, the School District filed this Motion to Dismiss or for Judgment on the Pleadings and a Motion for Protective Order and Stay of Discovery.

In the Complaint, Plaintiffs alleged that on August 1, 2011, Don'terio Searcy experienced symptoms of "heat-related illness" during practice held at football camp. [*Complaint*, ¶17].  They alleged that he participated in morning football practice the next day despite continuing to exhibit and experience symptoms of "heat-illness and/or a medical emergency." [*Complaint*, ¶21].  Don'terio Searcy died some time after that morning practice, allegedly from "heat-illness and/or a medical emergency."   [*Id.*].

### STANDARD OF REVIEW

To prevail on a motion to dismiss or for judgment on the pleadings for failure to state a claim upon which relief can be granted, the School District must show that: (1) the allegations in the Complaint demonstrate with certainty that Plaintiffs would not be entitled to relief under any set of provable facts asserted in support of the claims; and (2) Plaintiffs cannot possibly introduce evidence within the framework of the Complaint sufficient to warrant a grant of the relief sought.  Anderson v. Flake, 267 Ga. 498, 501 (1997); Mooney v. Mooney, 235 Ga. App 117 (1998); Cellular One v. Emanuel County, 227 Ga. App 197 (1997).  Here, the Complaint clearly shows that Plaintiffs' claims against the School District are barred because the District is

---

[2] Because this is a Motion to Dismiss or Judgment on the Pleadings, the School District sets forth the "facts" as alleged by Plaintiffs in the Complaint, and for purposes of this Motion, those facts must be assumed to be true.  However, the School District denies many of the facts, as reflected in its Answer, and reserves the right to present contradictory evidence should this Motion be denied.

2

entitled to sovereign immunity and Plaintiffs cannot possibly introduce evidence to overcome this immunity.

## ARGUMENT AND CITATION OF AUTHORITY

### I.      Plaintiffs' Claims against the School District Are Barred by the Constitutional Doctrine of Sovereign Immunity.

The starting point in any sovereign immunity analysis is the Georgia Constitution, which provides in relevant part that:

> [E]xcept as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Georgia Const. 1983 Art. 1, Sect. 2, Par. 9(e).   Thus, the Constitution provides *absolute* sovereign immunity to the "state and all of its departments and agencies" for *all* tort claims, including intentional tort claims, and not merely those based on negligent conduct.  See Pelham v. Bd. of Regents of Univ. Sys. of Ga., 743 S.E.2d 469 (Ga. Ct. App. 2013) (holding that sovereign immunity bars claims contending that the football head coach allegedly ordered plaintiff and the other players to fight each other during spring practice); Ga. State Bd. of Pardons and Paroles v. Finch, 269 Ga. App. 791 (2004); Dep't of Human Res. v. Coley, 247 Ga. App. 392 (2000); Wellborn v. DeKalb Cnty. Sch. Dist., 227 Ga. App. 377 (1997). The case law construing the meaning of "the state and all of its departments and agencies" as encompassing counties and county school districts is, by now, extremely well established.    Gilbert v. Richardson, 264 Ga. 744 (1994); Coffee Cnty. Sch. Dist. v. Snipes, 216 Ga. App. 293 (1995); Peach Co. Sch. Dist. v. Austin, 745 S.E.2d 293 (Ga. Ct. App. 2013); Perkins v. Morgan Cnty. Sch. Dist., 222 Ga. App. 831 (1996); Crisp Cnty. Sch. Sys. v. Brown, 226 Ga. App. 800 (1997); Payne v. Twiggs Cnty. Sch. Dist., 232 Ga. App. 175 (1998); Athens – Clarke Cnty. v. Torres, 246 Ga. App. 215 (2000).

3

Although this constitutional provision authorizes the legislature to waive sovereign immunity by specific statutory enactment, the General Assembly has yet to enact a waiver for claims brought against county school districts. The waiver enacted through the Georgia Tort Claims Act applicable to claims brought against the State does not apply to counties or county school districts. Woodard v. Laurens Cnty., 265 Ga. 404 (1995); Snipes, 216 Ga. App. at 295. Furthermore, the Court of Appeals has held that the provisions of O.C.G.A. § 20-2-991, which authorize school districts to purchase general liability insurance, do not constitute a waiver of a school district's sovereign immunity. Davis v. Dublin City Bd. of Educ., 219 Ga. App 121, 123 (1995) ("'there is no legislative act specifically providing that sovereign immunity of the [board of education] is waived and the extent of such waiver'") (quoting from Snipes, 216 Ga. App. at 296). Thus, Plaintiff's claims against the School District are absolutely barred by the constitutional principle of sovereign immunity.

## II.     The School District Cannot Be Held Liable under the Doctrine of *Respondeat Superior* or Vicarious Liability.

Plaintiff's Complaint also attempts to proceed against the School District based upon a theory of *respondeat superior* or vicarious liability of the School District's employees. *Complaint*, ¶¶ 41-46. This strategy, however, will not circumvent the School District's sovereign immunity. A school district may be liable for the negligence of its employee only to the extent it has waived sovereign immunity. See Gilbert, 264 Ga. at 754 and Anderson v. Cobb, 258 Ga. App 159, 160 (2002) (quoting Crisp Cnty. Sch. Sys. v. Brown, 226 Ga. App 800, 804 (1997)). As the preceding section demonstrates, however, the School District has not waived sovereign immunity as to the kind of claims raised in Plaintiff's Complaint. Thus, Plaintiff may not proceed with this litigation against the School District on the basis of *respondeat superior* liability.

4

## CONCLUSION

For these reasons the School District requests the Court to grant its Motion to Dismiss on

the basis of sovereign immunity.

Respectfully submitted, this 29th day of August, 2013.

Phillip L. Hartley
Georgia Bar No. 333987
Hieu M. Nguyen
Georgia Bar No. 382526

Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399

And

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

5

## IN THE SUPERIOR COURT OF BEN HILL COUNTY
## STATE OF GEORGIA

CARLTON SEARCY, *et al.*,                    )
                                              )
    Plaintiffs,                          )       CIVIL ACTION FILE
                                              )
v.                                            )       NO. 13-CV-159
                                              )
BEN HILL COUNTY SCHOOL DISTRICT,              )
*et al.*,                                     )
                                              )
    Defendants.                          )
                                              )

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Brief in Support of Motion to*

*Dismiss or for Judgment on the Pleadings on behalf of Defendant Ben Hill County School*

*District* by depositing the same in the U.S. Mail with proper postage thereon, addressed to:

    John D. Steel
    Steel & Moss, LLP
    15 Piedmont Center, Suite 1560
    3575 Piedmont Road, N.E.
    Atlanta, Georgia 30305

This 29th day of August, 2013.

                          HARBEN, HARTLEY & HAWKINS, LLP

                          Hieu M. Nguyen
                          Georgia Bar No. 382526

                          ATTORNEYS FOR DEFENDANT
                          BEN HILL COUNTY SCHOOL DISTRICT

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399



FILED IN OFFICE

AUG 30 2013

_____ _____ Johnson
CLERK SUPERIOR COURT, BEN HILL CO., GA.

## IN THE SUPERIOR COURT OF BEN HILL COUNTY
## STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and )
MICHELLE SEARCY, as Natural Mother, and )
Jointly as Co-Personal Representatives of )
DON'TERIO SEARCY, deceased, )
                         )
        Plaintiffs, )      CIVIL ACTION FILE
                         )
v. )      NO. 13-CV-159
                         )
BEN HILL COUNTY SCHOOL DISTRICT; and )
FLORIDA BIBLE CAMP, INC., )
                         )
        Defendants. )

---

## MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY
## ON BEHALF OF DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT

---

COMES NOW Defendant Ben Hill County School District and moves for a protective

order and stay of discovery pursuant to O.C.G.A. § 9-11-26(c) and Rule 5.1 of the Uniform

Superior and State Court Rules. The grounds for this Motion are set forth in the accompanying

brief in support of this Defendant's Motion for Protective Order and Stay of Discovery.

This 29th day of August, 2013.

                                     HARBEN, HARTLEY & HAWKINS, LLP

                                     Hieu M. Nguyen
                                     Georgia Bar No. 382526
                                     Phillip L. Hartley
                                     Georgia Bar No. 333987

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399

1

And

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

**IN THE SUPERIOR COURT OF BEN HILL COUNTY**
**STATE OF GEORGIA**

CARLTON SEARCY, *et al.*,                           )
                                                    )
      Plaintiffs,                              )    CIVIL ACTION FILE
                                                    )
v.                                                  )    NO. 13-CV-159
                                                    )
BEN HILL COUNTY SCHOOL DISTRICT,                    )
*et al.*,                                           )
                                                    )
      Defendants.                              )
                                                    )

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Motion for Protective Order*

*and Stay of Discovery on behalf of Defendant Ben Hill County School District* by depositing the

same in the U.S. Mail with proper postage thereon, addressed to:

    John D. Steel
    Steel & Moss, LLP
    15 Piedmont Center, Suite 1560
    3575 Piedmont Road, N.E.
    Atlanta, Georgia 30305

This 29th day of August, 2013.

                    HARBEN, HARTLEY & HAWKINS, LLP

                    Hieu M. Nguyen
                    Georgia Bar No. 382526

                    ATTORNEYS FOR DEFENDANT
                    BEN HILL COUNTY SCHOOL DISTRICT

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399

3



FILED IN OFFICE

AUG 30 2013

_Barn Coon Johnson_
CLERK/SUPERIOR COURT, BEN HILL CO., GA.

**IN THE SUPERIOR COURT OF BEN HILL COUNTY**
**STATE OF GEORGIA**

CARLTON SEARCY, as Natural Father; and )
MICHELLE SEARCY, as Natural Mother, and )
Jointly as Co-Personal Representatives of )
DON'TERIO SEARCY, deceased, )
)
        Plaintiffs, )    CIVIL ACTION FILE
)
v. )    NO. 13-CV-159
)
BEN HILL COUNTY SCHOOL DISTRICT; and )
FLORIDA BIBLE CAMP, INC., )
)
        Defendants. )

---

## BRIEF IN SUPPORT MOTION FOR PROTECTIVE ORDER
## AND STAY OF DISCOVERY ON BEHALF OF
## DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT

---

### INTRODUCTION

Defendant Ben Hill County School District ("School District") has filed contemporaneously with this Motion a separate Motion to Dismiss or for Judgment on the Pleadings, pursuant to O.C.G.A. §9-11-12(b)(6) or O.C.G.A. § 9-11-12(c), on the grounds that Plaintiffs' claims against the School District are barred by the doctrine of sovereign immunity. The Georgia Supreme Court has stated that "a court should consider the issue of governmental [sovereign] immunity and its waiver before addressing issues of causation." Cameron v. Lang, 274 Ga. 122, 126 (2001). In addition, the Court of Appeals has stated that "the collateral order doctrine permits a direct appeal from an order 'that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit

on the basis of sovereign immunity."[1] The Court of Appeals, like the Georgia Supreme Court in Lang, based this conclusion on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." Id. Accordingly, the School District respectfully requests that the Court stay the discovery period while it considers the pending Motion and issue an order, as justice requires, to protect the School District from the undue burden and enormous expense of conducting discovery.

The alleged events that gave rise to this lawsuit are described in the School District's Brief in Support of its Motion to Dismiss or for Judgment on the Pleadings.

## ARGUMENT AND CITATION OF AUTHORITY

Discovery should not be had until the Court rules on the School District's Motion to Dismiss or for Judgment on the Pleadings. O.C.G.A. § 9-11-26(c) provides, in pertinent part, that:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance . . . undue burden or expense, including . . . (1) [t]hat the discovery not be had [or] (2) [t]hat the discovery may be had only on specified terms . . .

This rule provides trial courts with broad discretion to control discovery. See, e.g., Sheppard v. Johnson, 255 Ga. App. 165, 165 (2002) (citing Daniel v. Corp. Prop. Investors, 234 Ga. App. 148, 148 (1998)).

In the interests of justice and efficiency, the School District submits that this Court should exercise its discretion under O.C.G.A. § 9-11-26(c) and Rule 5.1 of the Uniform Superior and State Court Rules and issue an order that discovery shall not be had, if at all, until after the date of any ruling denying the School District's Motion to Dismiss or for Judgment on the Pleadings, thereby relieving the District from having to expend additional resources pending a

---

[1] See Attachment A to this Brief, Order of the Court of Appeals of the State of Georgia re: Scott v. Waits et al.

2

ruling on the dispositive Motion. Such an order will protect all of the parties from the burden of conducting what the School District contends will be unnecessary and expensive discovery, as Plaintiffs' Complaint against the School District is barred by the doctrine of sovereign immunity. The School District submits that issuing a protective order and stay of the discovery period will not result in any harm or prejudice to Plaintiffs since the District's Motion based on this legal doctrine will be dispositive of this matter.

A stay of discovery and a protective order are warranted because the School District's Motion raises exclusively legal issues as to which no discovery is necessary. The legal issue of whether the School District is entitled to sovereign immunity may be decided based on a simple review of Plaintiffs' Complaint and the allegations appearing on the face of the Complaint. Discovery is simply not required to decide the issue of sovereign immunity; Plaintiffs will certainly not need it to respond to the School District's Motion.

A prompt resolution of this dispositive Motion serves the interest of justice and efficiency by postponing the discovery process and relieving the School District of the burden and expense of conducting discovery until such time as the Court has had an opportunity to rule on the Motion to Dismiss or for Judgment on the Pleadings.

Respectfully submitted this 29th day of August, 2013.

Phillip L. Hartley
Georgia Bar No. 333987
Hieu M. Nguyen
Georgia Bar No. 382526

Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399

And

3

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

4

## IN THE SUPERIOR COURT OF BEN HILL COUNTY
### STATE OF GEORGIA

CARLTON SEARCY, *et al.*,                  )
                                           )
            Plaintiffs,                    )          CIVIL ACTION FILE
                                           )
v.                                         )          NO. 13-CV-159
                                           )
BEN HILL COUNTY SCHOOL DISTRICT,           )
*et al.*,                                  )
                                           )
            Defendants.                    )
_____)

### CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Brief in Support of Motion for*

*Protective Order and Stay of Discovery on behalf of Defendant Ben Hill County School District*

by depositing the same in the U.S. Mail with proper postage thereon, addressed to:

> John D. Steel
> Steel & Moss, LLP
> 15 Piedmont Center, Suite 1560
> 3575 Piedmont Road, N.E.
> Atlanta, Georgia 30305

This 29th day of August, 2013.

                              HARBEN, HARTLEY & HAWKINS, LLP


                              Hieu M. Nguyen
                              Georgia Bar No. 382526

                              ATTORNEYS FOR DEFENDANT
                              BEN HILL COUNTY SCHOOL DISTRICT

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Phone: (770) 534-7341
Fax: (770) 532-0399

# ATTTACHMENT A

# Court of Appeals
# of the State of Georgia

ATLANTA, January 19, 2010

*The Court of Appeals hereby passes the following order:*

**A10I0112. Scott v. Waits et al.**

Lillian and Charles Waits sued Donnie D. Scott, a School Resource Officer employed by the Bartow County School District, for damages allegedly sustained when Lillian Waits was injured on the property of Woodland High School. Scott moved for summary judgment, asserting that he was immune from suit under the doctrine of official immunity. The trial court denied the motion, and Scott filed this application for interlocutory appeal.

In *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009), we held that the collateral order doctrine[1] permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity." Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.) Id.

Official immunity protects public officers and employees from claims brought against them in their personal capacities when they are sued for discretionary acts taken within the scope of their employment and without actual intent to injure. *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008). Like

---

[1] Under this doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal. *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

sovereign immunity, official immunity is "an entitlement not to stand trial rather than a mere defense to liability." (Punctuation and footnote omitted.) *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). The rationale of *Canas*, therefore, applies with equal force in the official immunity context. Simply put, an order conclusively holding that a defendant is not entitled to official immunity falls within the scope of the collateral order doctrine and may be appealed directly.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, Scott's application for interlocutory appeal is hereby GRANTED. Scott shall have ten days from the date of this order to file a notice of appeal in the trial court.[2] The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta*
I certify that the above is an true extract from the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Will. L. Mart III , *Clerk.*

---

[2] If Scott has already filed a notice of appeal, he need not file a second notice.

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as natural father, )
and MICHELLE SEARCY, as natural )
mother, and Jointly as Co-Personal )
Representatives of DON' TERIO )
SEARCY, deceased, )
                        ) CIVIL ACTION FILE
     Plaintiffs, ) NO. 13-CV-159
                        )
v. )
                        )
BEN HILL COUNTY SCHOOL )
DISTRICT, and FLORIDA BIBLE )
CAMP, INC., )
                        )
     Defendants. )

## SPECIAL APPEARANCE AND ANSWER AND
## DEFENSES OF FLORIDA BIBLE CAMP, INC.

COMES NOW defendant Florida Bible Camp, Inc., by special appearance to

contest personal jurisdiction and venue, and, pursuant to O.C.G.A. § 9-11-12,

submits its answer and defenses to plaintiffs' complaint, showing the Court as

follows:[1]

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

---

[1] Defendant has filed a motion to dismiss, pursuant O.C.G.A. § 9-11-12(b)(2)(3)
and (6), based on lack of personal jurisdiction, improper venue, and, in the
alternative, failure to state a claim upon which relief can be granted.

SECOND DEFENSE

In response to the numbered paragraphs of plaintiffs' complaint, defendant answers as follows:

ANSWER TO JURISDICTION AND PARTIES

1.

Defendant admits that plaintiffs are asserting a claim pursuant to Georgia's Wrongful Death Statute. To the extent the Court has personal jurisdiction, if any, and venue is proper, defendant denies any liability.

2.

Defendant admits the allegations contained in paragraph 2 of plaintiffs' complaint, except defendant is not located in Alachua County.

3.

Defendant denies the allegations contained in paragraph 3 of plaintiffs' complaint.

4.

Defendant denies the allegations contained in paragraph 4 of plaintiffs' complaint.

5.

Based upon information and belief, defendant admits the allegations contained in paragraph 5 of plaintiffs' complaint.

6.

Defendant can neither admit nor deny the allegations contained in paragraph 6 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

7.

Defendant can neither admit nor deny the allegations contained in paragraph 7 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

8.

Defendant can neither admit nor deny the allegations contained in paragraph 8 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

9.

Defendant can neither admit nor deny the allegations contained in paragraph 9 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

- 3 -

10.

Defendant can neither admit nor deny the allegations contained in paragraph 10 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO FACTUAL ALLEGATIONS

11.

Defendant can neither admit nor deny the allegations contained in paragraph 11 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

12.

Defendant can neither admit nor deny the allegations contained in paragraph 12 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

13.

Defendant admits that it owns and operates a camp located in Florida. Defendant denies the remaining allegations contained in paragraph 13 of plaintiffs' complaint.

14.

Defendant can neither admit nor deny the allegations contained in paragraph 14 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

15.

Defendant can neither admit nor deny the allegations contained in paragraph 15 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

16.

Defendant can neither admit nor deny the allegations contained in paragraph 16 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

17.

Defendant can neither admit nor deny the allegations contained in paragraph 17 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

18.

Defendant denies that any employee or staff was present during the alleged time. Defendant can neither admit nor deny the remaining allegations contained in

paragraph 18 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

19.

Defendant can neither admit nor deny the allegations contained in paragraph 19 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon·strict proof of the same.

20.

Defendant can neither admit nor deny the allegations contained in paragraph 20 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

21.

Defendant can neither admit nor deny the allegations contained in paragraph 21 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

22.

The allegations contained in paragraph 22 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 22 of plaintiffs' complaint.

23.

The allegations contained in paragraph 23 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 23 of plaintiffs' complaint.

24.

The allegations contained in paragraph 24 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 24 of plaintiffs' complaint.

25.

The allegations contained in paragraph 25 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 25 of plaintiffs' complaint.

26.

The allegations contained in paragraph 26 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 26 of plaintiffs' complaint.

27.

The allegations contained in paragraph 27 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 27 of plaintiffs' complaint.

28.

The allegations contained in paragraph 28 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 28 of plaintiffs' complaint.

29.

Defendant can neither admit nor deny the allegations contained in paragraph 29 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

30.

Defendant can neither admit nor deny the allegations contained in paragraph 30 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

31.

Defendant can neither admit nor deny the allegations contained in paragraph 31 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

32.

Defendant can neither admit nor deny the allegations contained in paragraph 32 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

33.

The allegations contained in paragraph 33 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 33 of plaintiffs' complaint.

34.

Defendant can neither admit nor deny the allegations contained in paragraph 34 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

35.

Defendant can neither admit nor deny the allegations contained in paragraph 35 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

36.

Defendant can neither admit nor deny the allegations contained in paragraph 36 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

37.

Defendant denies the allegations contained in paragraph 37 of plaintiffs' complaint.

38.

Defendant denies the allegations contained in paragraph 38, including subparts (a)-(e), of plaintiffs' complaint.

## ANSWER TO COUNT I
## NEGLIGENCE – VIOLATION OF MINISTERIAL DUTIES AND REQUIREMENTS – BEN HILL COUNTY SCHOOL DISTRICT

39.

In response to the allegations contained in paragraph 39 of plaintiffs' complaint, defendant incorporates by reference its responses to paragraphs 1-38 of plaintiffs' complaint.

40.

Defendant admits that plaintiffs are asserting a claim against Ben Hill School District pursuant to the Georgia Wrongful Death Act.

41.

Defendant can neither admit nor deny the allegations contained in paragraph 41 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

42.

Defendant can neither admit nor deny the allegations contained in paragraph 42 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

- 10 -

43.

Defendant can neither admit nor deny the allegations contained in paragraph 43 of plaintiffs' complaint, including subparagraphs (A) – (L), for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

44.

Defendant can neither admit nor deny the allegations contained in paragraph 44 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

45.

Defendant can neither admit nor deny the allegations contained in paragraph 45 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

46.

Defendant can neither admit nor deny the allegations contained in paragraph 46 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

47.

Defendant can neither admit nor deny the allegations contained in paragraph 47 of plaintiffs' complaint, including subparts (a) – (e), for want of sufficient

information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO COUNT II
## NEGLIGENCE
## FLORIDA BIBLE CAMP

48.

In response to the allegations contained in paragraph 48 of plaintiffs' complaint, defendant incorporates by reference its responses to paragraphs 1-47 of plaintiffs' complaint.

49.

Defendant admits that plaintiffs are asserting a claim pursuant to Georgia's Wrongful Death Statute. To the extent the Court has personal jurisdiction, if any, and venue is proper, defendant denies any liability.

50.

The allegations contained in paragraph 50 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 50 of plaintiffs' complaint.

51.

The allegations contained in paragraph 51 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 51 of plaintiffs' complaint.

52.

The allegations contained in paragraph 52 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies in the form and manner alleged the allegations contained in paragraph 52 of plaintiffs' complaint.

53.

The allegations contained in paragraph 53 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 53 of plaintiffs' complaint.

54.

The allegations contained in paragraph 54 of plaintiffs' complaint state a legal conclusion, which requires no response. To the extent a response is required, defendant denies the allegations contained in paragraph 54 of plaintiffs' complaint, including subparagraphs (A) – (F).

55.

Defendant denies the allegations contained in paragraph 55 of plaintiffs' complaint.

56.

Defendant denies the allegations contained in paragraph 56 of plaintiffs' complaint, including subparagraphs (a) – (e).

## ANSWER TO PRAYER FOR RELIEF

### 57.

Responding to the unnumbered paragraph immediately following paragraph 56 of plaintiffs' complaint, which begins "WHEREFORE" and includes subparagraphs (a) through (e), defendant denies that it is liable to plaintiffs or that plaintiffs are entitled to any relief from it under any theory at law or in equity.

### 58.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiffs' complaint.

## THIRD DEFENSE

The Court lacks personal jurisdiction over defendant.

## FOURTH DEFENSE

Venue is improper as to this defendant or, in the alternative, venue is inconvenient in Ben Hill County pursuant to O.C.G.A. § 9-10-31.1.

## FIFTH DEFENSE

Defendant did not owe any legal duty to the decedent.

## SIXTH DEFENSE

Defendant did not breach any legal duty that it may have owed to the decedent.

## SEVENTH DEFENSE

No act or omission of defendant was the cause in fact or the proximate cause of any injuries or damages allegedly incurred by plaintiffs and the decedent; therefore, plaintiffs have no right of recovery against defendant.

## EIGHTH DEFENSE

The alleged injuries or damages sustained by plaintiffs and the decedent were the sole, direct, and proximate result of the conduct of others, including but not limited to the decedent, and no alleged act or omission by defendant in any way caused or contributed to the alleged injuries and damages sustained by plaintiffs and the decedent.

## NINTH DEFENSE

The alleged injuries and damages sustained by plaintiffs and the decedent resulted solely from the voluntary and intentional conduct of the decedent and not from any conduct of defendant.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory and/or comparative negligence, failure of the decedent to exercise ordinary care for his safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of

consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## ELEVENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, defendant prays as follows:

(a)    That judgment be entered in favor of defendant and against plaintiffs on the complaint;

(b)    That the costs of this action, including attorney fees, be cast against plaintiffs; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148

Peter L. Munk
Georgia Bar No. 451809

Attorneys for Defendant
Florida Bible Camp, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**DEFENDANT DEMANDS A TRIAL BY A JURY
OF TWELVE ON ALL ISSUES SO TRIABLE**

- 17 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **SPECIAL APPEARANCE AND ANSWER AND DEFENSES OF FLORIDA BIBLE CAMP, INC.** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

John D. Steel
STEEL & MOSS, LLP
15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305

Philip L. Hartley
Hieu M. Nguyen
HARBEN, HARTELY & HAWKINS, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr.
Law Offices of John T. Croley, Jr.
311 West Central Avenue
P.O. Box 690
Fitzgerald, Georgia 31750-0690

This 10th day of September, 2013.

_____
Sun S. Choy
Georgia Bar No. 025148

- 1 -

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as natural father, )
and MICHELLE SEARCY, as natural )
mother, and Jointly as Co-Personal )
Representatives of DON' TERIO )
SEARCY, deceased, )
                                ) CIVIL ACTION FILE
      Plaintiffs, ) NO. 13-CV-159
                                )
v. )
                                )
BEN HILL COUNTY SCHOOL )
DISTRICT, and FLORIDA BIBLE )
CAMP, INC., )
                                )
      Defendants. )

### DEFENDANT FLORIDA BIBLE CAMP, INC.'S MOTION TO DISMISS AND INCORPORATED SUPPORTING MEMORANDUM OF LAW

COMES NOW defendant Florida Bible Camp, Inc., by special appearance to contest personal jurisdiction and venue and, pursuant to O.C.G.A. § 9-11-12(b)(2)(3) and (6), moves the Court to dismiss plaintiffs' complaint with prejudice for lack of personal jurisdiction, improper venue, and, in the alternative, failure to state a claim upon which relief can be granted. In support, defendant shows the Court as follows:

## I.  INTRODUCTION

This action stems from the tragic death of a high school football player during summer football practice at defendant's camp facilities located in High Springs, Florida.[1] As addressed below, dismissal is proper because the Court lacks personal jurisdiction over nonresident defendant, venue is improper given that plaintiffs' claims against co-defendant Ben Hill County School District is barred by sovereign immunity, and defendant did not owe plaintiffs' decedent a legal duty as a matter of law.

## II.  STATEMENT OF FACTS

### A.  No Personal Jurisdiction Facts

Defendant Florida Bible Camp, Inc. is a Florida corporation. (Affidavit of Lawton Skipper attached hereto as Exhibit A, ¶ 3.) Florida Bible Camp's principal and only address is 2087 SE Bible Camp Street, High Springs, FL 32643 and its registered agent is in Florida. (*Id.* at ¶ 4.)

Florida Bible Camp operates a non-profit summer camp for youth between the ages of 8 and 18 on 200 acres located in northern Florida. Florida Bible Camp has never operated a camp (or any other business) in Georgia. (*Id.* at ¶ 5.) During the five week camp, the primary goal of Florida Bible Camp is to provide each

---

[1] Dr. Aurelian Nicolaescu, M.D., a Florida medical examiner, concluded that the "manner of death" was "natural" and the "cause of death" was "hypertensive cardiomyopathy." The medical examiner's August 3, 2011 report is a matter of public record.

child with an opportunity to grow with others who share the same Christian values in a fun atmosphere. (*Id.* at ¶ 6.) The cost for the five week camp is $190 per youth. (*Id.*)

To help subsidize the summer camp for youth, Florida Bible Camp rents the camp facilities for various functions such as retreats, family reunions, and athletic camps. Florida Bible Camp does not advertise the availability to rent the camp except on its website (www.floridabiblecamp.org) and through word of mouth. (*Id.* at ¶ 7.) Florida Bible Camp has not solicited potential renters in Georgia. (*Id.* at ¶ 8.)

The Georgia high school that was renting the camp at the time of the incident reached out to Florida Bible Camp through one of its coaches who had used the camp when he was a coach in Florida. Florida Bible Camp conducted no activity in Georgia. (*Id.* at ¶ 9.)

Florida Bible Camp does not transact any business in Georgia. (*Id.* at ¶ 11.)

## B.    No Legal Duty Facts

For the limited purposes of this motion, defendant assumes the following facts from plaintiffs' complaint to be true:

On or about July 31, 2011, plaintiffs' decedent, Don'Terio Searcy, arrived at Florida Bible Camp to attend football camp. (Complaint, ¶ 12.) "On August 1, 2011, the football team held three separate practices." (*Id.* at ¶ 15.) "The heat and

humidity index on August 1, 2011, in High Springs, Florida was dangerously high and posed a risk to human health, but was not uncommon for High Springs, Florida, during that time of the year." (*Id.* at ¶ 16.) The weather conditions were the same on August 2, 2011. (*Id.* at ¶ 20.) The "climatic conditions in High Springs, Florida in August" were "commonly known." (*Id.* at ¶ 25.) Plaintiffs' decedent participated in the practice in the heat, even as he "continued to exhibit and experience symptoms indicating heat-illness and/or a medical emergency," which "eventually cased his untimely death." (*Id.* at ¶ 21.)

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   The Court Lacks Personal Jurisdiction

Plaintiffs allege that "[j]urisdiction is proper as to Defendant FLORIDA BIBLE CAMP." (Complaint, ¶ 3.) However, the Court does not have personal jurisdiction over defendant, a resident of Florida.

The Georgia Long Arm Statute, O.C.G.A. § 9-10-91, addresses the circumstances that allows a court to assert personal jurisdiction over a nonresident defendant. In relevant parts, O.C.G.A. § 9-10-91(1) provides:

> A court of this state may exercise personal jurisdiction over any nonresident...in the same manner as if he were a resident of the state, if in person through an agent, he: (1) Transacts any business within this state....

As noted by the Supreme Court, this statute "requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to

personal jurisdiction." *Gust v. Flint*, 257 Ga. 129, 130, 356 S.E.2d 513 (1987). More specifically, the Court of Appeals applies a three-part test: "Jurisdiction exists if (1) the nonresident defendant has *purposefully* done an act or *consummated* a transaction *in* Georgia, (2) the cause of action arises from or is connected with the act or transaction, *and* (3) the Georgia court's exercise of jurisdiction does not offend traditional fairness and substantial justice." *ATCO Sign & Lighting Co., LLC v. Stamm Manufacturing, Inc.*, 289 Ga. App. 528, 529, 680 S.E.2d 571 (2009) (citation omitted) (emphasis added).

Here, the three-part test cannot be satisfied based on the affidavit of Lawton Skipper, president of Florida Bible Camp.[2]   As set forth in the affidavit, Florida Bible Camp does not conduct any business in Georgia. It is a non-profit that provides a five-week camp for youth to promote Christian values. It does rent the camp facilities to help subsidize the program. However, it does not solicit business in Georgia. In this case, a football coach at the high school reached out to rent the facilities because he had used the facilities when he was coaching in Florida. To find jurisdiction under these circumstances would certainly "offend traditional fairness and substantial justice." *Id.*

As recognized by the Supreme Court of Georgia and the Supreme Court of the United States, "[d]ue process requires that individuals have 'fair warning that a

---

[2]   Defendant may raise matters not contained in the pleadings to satisfy its burden of proving the absence of jurisdiction, including supporting affidavits. *Id.*

particular activity may subject them to the jurisdiction of a foreign sovereign.'" *Beasley v. Beasley*, 260 Ga. 419, 421, 396 S.E.2d 222 (1990) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)). It is ridiculous to claim that Florida Bible Camp had "fair warning" that it could be dragged into Georgia to face civil liability simply because the renters of the camp facilities happen to be from Georgia. To conclude otherwise would be forcing Florida Bible Camp to litigate in a foreign jurisdiction "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts" in violation of its due process rights. *Id.*

Because Florida Bible Camp has not conducted any business *in* Georgia, the Court does not have personal jurisdiction under Georgia's Long Arm Statute. Accordingly, the complaint must be dismissed.

## B.   Venue Is Vanishing And Improper

Plaintiffs allege that venue is proper. (Complaint, ¶ 4.) Presumably, plaintiffs assert that venue is proper because, under O.C.G.A. § 9-10-93, "[w]here an action is brought against a resident of this state, any nonresident of this state who is involved in the same transaction or occurrence and who is suable under the provisions of this article may be joined as a defendant in the county where a resident defendant is suable." This statute does not apply because the "resident of this state," co-defendant Ben Hill County School District, is a sham defendant. As

- 6 -

set forth in Ben Hill County School District's motion to dismiss, plaintiffs' claims are clearly barred by sovereign immunity. With the dismissal of Ben Hill County School District, venue becomes improper with respect to nonresident Florida Bible Camp.[3]

## C.     Plaintiffs Have Failed To State A "Negligence" Claim

Even if the Court has personal jurisdiction and venue is proper, plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs allege that "Defendant FLORIDA BIBLE CAMP had a non-delegable duty to act in a reasonable and prudent manner towards its invitees, to use reasonable care to ensure the *premise* was in a reasonably safe condition, and to warn invitees of know dangerous conditions." (Complaint, ¶ 50 (emphasis added).) Plaintiffs further allege that defendant should have warned "invitees" of the "dangers posed by the extreme heat conditions." (*Id.* at ¶¶ 51-53.) Plaintiffs fail to state a claim for "negligence," because Florida Bible Camp did not owe plaintiffs' decedent a legal duty as a matter of law.[4]

"The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care," *which is a question of*

---

[3]     Defendant reserves the right to challenge venue on forum non conveniens (O.C.G.A. § 9-10-31.1) grounds in the unlikely event the Court does not dismiss the claims against Ben Hill County School District.

[4]     For the limited purposes of this motion, Florida Bible Camp assumes that Georgia law applies even though its "premises" is located in Florida. As addressed above, Florida Bible Camp maintains that the Court lacks personal jurisdiction.

*law for the court. City of Rome v. Jordan*, 263 Ga. 26, 27, 426 S.E.2d 861, 862 (1993). Of course, "an action for negligence cannot be maintained if the defendant did not owe the plaintiff a legal duty." *Anderson v. Atlanta Comm. for the Olympic Games, Inc.*, 273 Ga. 113, 118, 537 S.E.2d 345, 350 (2000). This is so because "[n]o matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff." *City of Douglasville v. Queen*, 270 Ga. 770, 771, 514 S.E.2d 195, 197-98 (1999) (punctuation and internal quotation marks omitted).

For plaintiffs' negligence claim to be viable, they must identify "either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of [Georgia's] appellate courts." *Rasnick v. Krishna Hospitality, Inc.*, 302 Ga. App. 260, 263, 690 S.E.2d 670, 673 (2010) (internal quotation marks omitted), *aff'd*, 289 Ga. 565, 713 S.E.2d 835 (2011). Specifically, plaintiffs must identify a statute or appellate decision that required Florida Bible Camp to warn participants of the football camp about the "dangers posed by the extreme heat conditions." Not surprisingly, there are no such statute or appellate decisions.

To the contrary, case law is clear that Florida Bible Camp owed no legal duty to plaintiffs' decedent, because the alleged dangerous condition – "extreme

heat conditions" — had nothing to do with the premises. To state the obvious, extreme heat is not localized to the camp because it's an aspect of the naturally occurring weather. It is ludicrous to claim that Florida Bible Camp had a legal duty to post signs to warn participants in *summer* football practice that it is hot outside. "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm." *Emory Univ. v. Smith*, 260 Ga. App. 900, 901, 581 S.E.2d 405, 406 (2003) (internal quotation marks omitted); *see also Johnson v. Green Growth 1, LLC*, 305 Ga. App. 134, 136-37, 699 S.E.2d 109 (2010) (apartment owner owed no legal duty to child killed by motorist in the parking lot of complex) (physical precedent). Suffice it to say, extreme heat in the summer is not an "unreasonable risk" that triggers a legal duty on a property owner. As a matter of law, plaintiffs' decedent had equal, if not superior, knowledge of the heat because he was actually experiencing it. Indeed, plaintiffs allege the obvious that the "climatic conditions of High Springs, Florida in August" were "commonly known." (Complaint, ¶ 25.)

As noted by the Court of Appeals, an owner or occupier of land does not guarantee the safety to all who enter on the premises. *Hadaway v. Cooner Enters., Inc.*, 172 Ga. App. 113, 114, 321 S.E.2d 830, 831 (1984) (stating that "[t]he mere ownership of land or buildings does not render one liable for injuries sustained by

persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter"). Yet, this is precisely what plaintiffs are alleging – Florida Bible Camp should be strictly liable for the extreme heat in the summer. Georgia law soundly rejects such a ludicrous notion. As such, plaintiffs have failed to state a negligence claim as a matter of law.

## IV.   CONCLUSION

Based on the foregoing, defendant respectfully requests the Court to grant its motion to dismiss.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Peter L. Munk
Georgia Bar No. 451809

Attorneys for Defendant
Florida Bible Camp, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as natural father, )
and MICHELLE SEARCY, as natural )
mother, and Jointly as Co-Personal )
Representatives of DON' TERIO )
SEARCY, deceased, )
                               ) CIVIL ACTION FILE
      Plaintiffs, ) NO. 13-CV-159
                                )
v. )
                                )
BEN HILL COUNTY SCHOOL )
DISTRICT, and FLORIDA BIBLE )
CAMP, INC., )
                                )
      Defendants. )

STATE OF FLORIDA
COUNTY OF ALACHUA

## **AFFIDAVIT OF LAWTON L. SKIPPER, JR.**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Lawton L. Skipper, Jr., who, after being duly sworn, states on oath his personal knowledge as follows:

1.

My name is Lawton L. Skipper, Jr. I have personal knowledge of the facts set forth in this affidavit and know them to be true and correct. I am over the age of eighteen years old, am suffering no disabilities, and am competent to execute this affidavit.

1


EXHIBIT
A

2.

I have been the President of Florida Bible Camp, Inc. since 2004. This affidavit is being given in support of Florida Bible Camp, Inc.'s Motion to Dismiss.

3.

Florida Bible Camp, Inc. is a Florida corporation.

4.

Florida Bible Camp's principal and only address is 2087 SE Bible Camp Street, High Springs, FL 32643 and its registered agent is in Florida.

5.

Florida Bible Camp operates a non-profit summer camp for youth between the ages of 8 and 18 on 200 acres located in northern Florida. Florida Bible Camp has never operated a camp (or any other business) in Georgia.

6.

During the five week camp, the primary goal of Florida Bible Camp is to provide each child with an opportunity to grow with others who share the same Christian values in a fun atmosphere. The cost for the five week camp is $190 per youth.

2

7.

To help subsidize the summer camp for youth, Florida Bible Camp rents the facilities for various functions such as retreats, family reunions, and athletic camps. Florida Bible Camp does not advertise the availability to rent the camp except on its website (www.floridabiblecamp.org) and through word of mouth.

8.

Florida Bible Camp has not solicited potential renters in Georgia.

9.

The Georgia high school that was renting the camp at the time of the incident that forms the basis of the complaint reached out to Florida Bible Camp through one of its coaches who had used the camp when he was a coach in Florida. Florida Bible Camp conducted no activity in Georgia.

10.

Attached to this affidavit is a true and accurate copy of the "Camp Rental Application."

11.

Florida Bible Camp does not transact any business in Georgia.

3

FURTHER, AFFIANT SAITH NAUGHT.

Lawton L. Skipper, Jr.

Sworn to and subscribed
before me this ____ day
of September, 2013.

Notary Public

My Commission Expires: ____

PATRICIA M. YOUNGBLOOD
Commission # EE 168027
Expires May 22, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT FLORIDA BIBLE CAMP, INC.'S MOTION TO DISMISS AND INCORPORATED SUPPORTING MEMORANDUM OF LAW** by depositing a true and correct copy thereof in the United States mail, postage prepaid, properly addressed upon:

John D. Steel
STEEL & MOSS, LLP
15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305

Philip L. Hartley
Hieu M. Nguyen
HARBEN, HARTELY & HAWKINS, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr.
Law Offices of John T. Croley, Jr.
311 West Central Avenue
P.O. Box 690
Fitzgerald, Georgia 31750-0690

This 10th day of September, 2013.

Sun S. Choy
Georgia Bar No. 025148

- 11 -

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and,
MICHELLE SEARCY, as Natural Mother, and
Jointly as Co-Personal Representatives of
DON'TERIO SEARCY, deceased,

        Plaintiffs,                CASE NO.: 13CV-159

v.

BEN HILL COUNTY SCHOOL DISTRICT, and
FLORIDA BIBLE CAMP, INC.,

        Defendants.

                           /

## JOINT STIPULATION EXTENDING TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS

COME NOW Plaintiffs herein, and Defendant Ben Hill County School District, by and through

counsel, and jointly stipulate to this Court that the time within which Plaintiffs have to respond to

Defendant's Motion to Dismiss is hereby extended through and including October 10, 2013.

This 3rd day of October, 2013.

Consented to by:

John D. Steel
Georgia Bar No. 677646
STEEL & MOSS, LLP
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305
(404) 264-1292
*Attorneys for Plaintiff*

Hieu M. Nguyen
Hieu M. Nguyen
Georgia Bar No. 382526
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
*Attorneys for Defendant Ben Hill Co. School District*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Joint Stipulation Extending Time For Plaintiff to Respond to Defendants' Motion to Dismiss* upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

This 3rd day of October, 2013.

STEEL & MOSS, LLP

John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

2

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

**CARLTON SEARCY,** as Natural Father; and,
**MICHELLE SEARCY,** as Natural Mother, and
Jointly as Co-Personal Representatives of
**DON'TERIO SEARCY,** deceased,

              Plaintiffs,                        CASE NO.: 13CV-159

v.

**BEN HILL COUNTY SCHOOL DISTRICT,** and
**FLORIDA BIBLE CAMP, INC.,**

              Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS

     COMES NOW, CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, by and through their undersigned counsel, and hereby responds to Defendant BEN HILL COUNTY SCHOOL DISTRICT'S Motion to Dismiss, and states as follows:

### STANDARD OF REVIEW

     Defendant has moved under O.C.G.A. § 9-11-12(c) for a judgment on the pleadings. Defendant bases its motion on the conclusion that "Plaintiffs cannot assert such tort claims against the school district unless sovereign immunity has been waived." (Defendant's Brief, p. 1). When considering a motion under 9-11-12(c) if the pleadings raise an issue of fact, the motion must be denied. *See* Smith v. Wheeler, 233 Ga. 166, 210 S.E.2d 702 (1974). Such a motion is only granted if allegations of the complaint disclose with certainty that plaintiff would not be entitled to relief under any facts which could be proved in support of the claim. *See* Christner v. Eason, 146 Ga. App. 139, 245 S.E.2d 489 (1978). *See also* Robinson v. Reardon,

1

134 Ga. App. 815, 216 S.E.2d 370 (1975). Where there are conceivable facts upon the proof of the case which plaintiff could recover, the motion must be denied. Christner, supra. In addition the trial court cannot go outside the pleadings and all allegations are taken as true. *See* Traveler's Ins. Co. v. Johnson, 118 Ga. App. 616, 164 S.E.2d 926 (1968). *See also* Lewis v. Turner Broadcasting System, Inc., 232 Ga. App. 831, 503 S.E.2d 81 (1998).

Defendant Ben Hill County School District's Motion to Dismiss filed contemporaneously with the instant Motion for Protective Order and Stay of Discovery is premised on sovereign immunity. As such, Defendant has requested a motion for protective order and stay of discovery pending this Court's order on its pending Motion to Dismiss. However, determining whether sovereign immunity extends to Defendant in the instant matter is dependent on the facts of the case and information which can be obtained only through discovery. As such, Plaintiffs' request that this Court summarily deny Defendant's Motion for Protective Order and Stay of Discovery, or alternatively, permit Plaintiffs' to obtain discovery relevant to determining whether Defendant is entitled to sovereign immunity.

## ARGUMENT AND CITATION OF AUTHORITY

As Defendant acknowledges, this Court has broad discretion to grant or deny discovery under O.C.G.A. § 9-11-26(c), and does not have to summarily deny discovery but can limit the scope:

(2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(4) That certain matters not be inquired into or that the scope of the discovery may be limited to certain matters (2012).

As aforementioned, Plaintiffs' request that this Court summarily deny Defendant's Motion for Protective Order and to Stay Discovery. Alternatively, Plaintiffs request that this Court allow Plaintiffs to conduct discovery limited to determining whether Defendant is entitled to sovereign

2

immunity. As sovereign immunity acts as a total bar to recovery, this Court should protect Plaintiffs' right to bring suit and due process of law by granting discovery concerning the sovereign immunity issue.

Sovereign immunity may be waived by an act of the General Assembly, or by the Constitution of the state of Georgia. See Crisp County School System v. Brown, 226 Ga. App. 800 (Georgia Ct. Apps. 1997). Pursuant to the Constitution of the State of Georgia and the United States Constitution, all citizens have the right to life and to bodily integrity which cannot be denied without due process of law. See U.S.C. Amendment XIV; Ga. Const. Art. I, Paragraph I. In the instant matter, decedent Don'Terio Searcy had a right to life and bodily integrity guaranteed by the United States Constitution and the Constitution of State of Georgia.

As such, Defendant Ben Hill County School District had a duty to refrain from actions or inactions that could deprive Don'Terio Searcy of his life and/or bodily integrity without due process of law. In the instant matter, decedent Don'Terio Searcy experienced a medical emergency created by the conduct of Defendant Ben Hill County School District while in the care and custody of Defendant Ben Hill County School District and its employees, including loss of consciousness, hallucinations, vomiting, and exhibited signs of heat illness. Defendant Ben Hill County School District employees have a constitutional duty to seek or summons emergency medical care and/or a duty not to further endanger the health of a student experiencing a medical emergency resulting in deprivation of life. Many Georgia courts have held that school employees have no duty to render aid to students. Certainly the courts could not have meant for such holdings to lead to egregious conclusions in the instant matter, wherein school employees had knowledge of a serious medical emergency including loss of consciousness, hallucinations, vomiting, and other symptoms related to heat-illness and failed to dial 911. Moreover, not only

3

did the Defendant's employees in the instant matter fail to summons medical care, the employees actively disciplined or bullied the minor decedent while he was experiencing a medical emergency further interfering with his right to bodily integrity and right to life. Several of the decedent's teammates signed sworn affidavits attesting that coaches knew Don'Terio Searcy lost consciousness, that he was vomiting, stating that he saw his mother and Jesus when he lost consciousness, could not perform conditioning drills, and that coaches continued to yell profanities at him and threaten decedent and his teammates despite observing that he was experiencing a medical emergency. Defendant Ben Hill County School District's failure or inaction to summons medical care and its actions meant to punish or further jeopardize Don'Terio Searcy's medical emergency, lead to the deprivation of his constitutional rights to life and bodily integrity; as such, Defendant waived sovereign immunity.

In general, Georgia law precludes liability against teachers and school employees for supervising and monitoring students. See *Caldwell v. Griffin*, 503 S.E.2d 43, 46 (Ga. Ct. App. 1998, Judge Ruffin Concurring); See also *Wright v. Ashe*, 469 S.E.2d 268 (1996). In the Caldwell opinion, Judge Ruffin prepared a concurring opinion contemplating the injustice posed by the failure of the State of Georgia to recognize a duty of school employees to supervise students and provide for their safety:

School officials should not be immune from suit when they are in charge of supervising students and are acting in the place of the students' parents, but then fail to take precautionary measures to prevent students from being harmed...I suggest that appellate courts, and more appropriately, the legislature revisit the issue of whether supervision of students amounts to a discretionary rather than a ministerial act. Moreover we should consider Florida's stance on the subject, which is that "the duty to supervise high school students is generally ministerial in nature. *Caldwell* at 46. *Rupp v. Bryant*, 417 So. 2d 658, 665 (Fla. 1982); See also *Wyke v. Polk County School Bd.*, 129 F. 3d 560, 570-74 (11th Cir. 1997). "Florida case law recognizes the general duty of schools, principals and teachers to adequately supervise students placed within their care. The genesis of this supervisory duty is based on the school employee standing partially in place of the student's parents." *Leahy v. School Bd. Of Hernando County*, 450 So. 2d 883, 885 (Fla.

4

App. 1984). In *Rupp* the plaintiff, a high school student sued the principal, faculty advisor, and school board after the plaintiff suffered injuries in a hazing initiation at an initiation ceremony at a school club. The Florida Supreme Court, in determining that supervision of high school students is a ministerial act, relied on the decisions of other jurisdictions. See *Larson v. Independent School Dist.*, 289 N.W. 2d 112 (Minn. 1979); *Cook v. Bennett*, 94 Mich. App. 93 (Mich. 1979); *Salyers v. Burkhard*, 352 N.E. 2d 156 (Ohio 1974).
*Caldwell v. Griffin*, 503 S.E.2d 43, 46 (Ga. Ct. App. 1998, Judge Ruffin Concurring).

The failure of the State of Georgia to recognize school employee's duty to provide some level of care and consideration for students' safety not only challenges common sense and moral decency, but is legally unsound. Both the United States Constitution and the Constitution for the State of Georgia recognize every citizens' right to life and bodily integrity which cannot be deprived without due process of law, and recognize a prisoners' right to receive medical treatment. U.S.C. Amendments XIV and VIII; Ga. Const. Art. I, Paragraph I and O.C.G.A. § 42-5-2. Furthermore, the state of Georgia has implemented a statute requiring schools to implement policies for safety of students; however, most Georgia courts treat the statute as discretionary rather than ministerial. O.C.G.A. § 20-2-1185. Georgia courts cannot continue to proceed under the legally fallacious and morally inept conclusion that our citizens have a right to life and prisoners have a right to receive medical treatment, but our children do not have the same rights while housed within our state's educational institutions. How does a child have a lesser right to receive medical care and to be safe while at school, than a prisoner in a jail cell? How does a teacher have a lesser duty to provide for the safety of our children than a warden has to provide for safety of an inmate?

Certainly, Georgia courts and legislative intent cannot mean to uphold egregious conclusions as in the instant matter wherein Defendant Ben Hill County School District argues that although decedent seventeen year-old DON'TERIO SEARCY was found unconscious on a bathroom floor, saw Jesus, was vomiting, incoherent, and complaining of pain, that school

5

employees had no duty to pick up a phone and dial 911, or worse yet, continued to bully him and knowingly subject his body to further physical punishment ultimately depriving him of his constitutional right to bodily integrity and life. Given the facts of the instant matter, Defendant's actions deprived Plaintiff of his constitutionally guaranteed rights to bodily integrity and life thereby waiving sovereign immunity. Georgia courts should reconsider recognizing a duty of school employees to provide for the safety and welfare of students in upholding citizen's constitutionally guaranteed right to bodily integrity and right to life.

Furthermore, a scholastic entity waives immunity when it establishes a policy requiring an official to take certain actions or creates a ministerial duty or policy. *Grammens v. Dollar*, 287 Ga. 618, 619-21 (Georgia 2010).    Ben Hill County Schools promulgated a policy on Concussion Management, Paragraph 2, which mandates that "If a student participating in an extracurricular athletic activity exhibits symptoms of having a concussion, he or she shall be removed from the activity and be examined by a health care provider."    The Ben Hill County Fitzgerald High School Student/Parent Concussion Awareness Form lists the common signs and symptoms of concussion as headache, dizziness, nausea or vomiting, fogginess of memory, confused about surroundings, and loss of consciousness, all symptoms experienced by DJ Searcy as listed in Plaintiffs' Complaint. The Concussion Awareness Form requires the signature of the student athlete and a parent and states that, "Any athlete who exhibits signs, symptoms, or behaviors consistent with a concussion shall be immediately removed from the practice or contest and shall not return to play until an appropriate healthcare professional has determined that no concussion has occurred." The school district promulgated a policy requiring school officials to summons medical care when a student is experiencing symptoms of a concussion and contractually obligated themselves to do same. When a governmental entity contracts to provide

6

services it creates an affirmative duty and waives sovereign immunity. Ga. Const. Art. I, § II, Para. IX (c); O.C.G.A. § 50-21-1. As decedent Don'Terio Searcy exhibited signs of a concussion, Defendant did not have the option of obtaining medical care but a mandatory duty provided for in statute and contract to summons medical attention and to remove him from the field until he obtained medical clearance.

Defendant Ben Hill County School District further promulgated a policy entitled Field Trips and Excursions requiring submission of a plan for a field trip or excursions to the superintendent for approval at least thirty (30) days prior to the departure date. Any excursion must consider or address, "any risks or danger associated with the trip," and the "Superintendent shall implement from time to time, such administrative procedures as may be necessary to effectuate the letter and spirit of this policy." Therefore, Plaintiffs should be entitled to discovery to determine whether the football administrators submitted a plan for the football camp in Florida to the Superintendent, and whether the Superintendent created any administrative policies or procedures, or generated further contractual obligations which would waiver sovereign immunity.

The State of Georgia and Ben Hill County Schools also promulgated a policy regarding the use of corporal or physical punishment. See O.C.G.A. § 20-2-731. Although school districts may use corporal punishment, it may not be excessive or unduly severe, shall never be used as first line of punishment, and must be in presence of principal or assistant principal. *Id.* In the instant matter the coaches forced the decedent to perform drills which caused bodily pain after he had already lost consciousness once and exhibited symptoms of a medical emergency discussed supra. The purpose of such a statute and policy is passed in cognizance of one's right to bodily integrity, the promulgation of which helps ensure one's constitutional right to life. The

7

Defendant employees in the instant matter violated the statute/policy regarding corporal punishment of a minor student, further evidencing that the actions and inactions of the Defendant had a propensity to cause a deprivation of bodily integrity and right to life.

More recently, the state of Georgia has recognized a student's right to be free from bullying, as codified in O.C.G.A. 20-2-751.4. As defined, "bullying means an act which occurs...at school related functions or activities...that is: (1) Any willful attempt or threat to inflict injury on another person, when accompanied by an apparent present ability to do so; (2) Any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm; or (3) Any intentional written, verbal, or physical act which a reasonable person would perceive as being intended to threaten, harass, or intimidate." The statute required the anti-bullying legislation to be implemented in school policies, and Defendant Ben Hill County School District implemented same within its policies. The coaches behavior toward decedent Don'Terio Searcy certainly epitomized the definition of bullying as the coaches knew decedent was experiencing a medical emergency, shouted profanities at him and forced him to continue practicing causing bodily harm to his person, punished him and threatened him and his teammates for his inability to continue drills. Defendant employees in the instant matter violated the statute/policy regarding corporal punishment of a minor student and the anti-bullying legislation, further evidencing that the actions and inactions of the Defendant acted inapposite to upholding decedent's constitutionally guaranteed rights to bodily integrity and life.

Defendant Ben Hill County School District violated numerous ministerial acts, including the Georgia High School Association policy requiring coaches and football staff to use a wet bulb globe to determine the heat index prior to each practice or game. Defendant admits in its Answer and Defenses to Plaintiffs' Complaint that there was a national weather heat advisory in

8

affect the date of the incident and that the coaches failed to use a wet bulb globe (See Defendant's Answer pg. 5, paragraph 20; pg. 6, paragraph 34). As such, Defendant admittedly violated a policy or ministerial function put in place to protect the safety and bodily integrity of student athletes including decedent, Don'Terio Searcy, evidencing a conscious disregard for his constitutionally guaranteed right to life.

Furthermore, sovereign immunity is waived to the extent the government enters into written contracts which would serve as a waiver. O.C.G.A. § 50-21-1. Plaintiffs' should be entitled some discovery to determine whether there any contracts were in place between Defendant Ben Hill County School District and Defendant Florida Bible Camp that would waive sovereign immunity. For example, Defendant Ben Hill County School District may have contracted with Defendant Florida Bible Camp to have medical personal on the field, or to be responsible for providing emergency medical care to student athletes. Similarly, Defendant Ben Hill County School District may have entered into contracts with decedent's parents or with decedent that would act to waive sovereign immunity. As such, Plaintiffs should be entitled to limited discovery without summary dismissal of their claims.

When viewed in a light most favorable to the non-moving party, this Court should deny Defendant's Motion to Dismiss Plaintiffs' Complaint.

WHEREFORE, Plaintiffs' CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, respectfully request that this Court deny Defendant BEN HILL COUNTY SCHOOL DISTRICT'S Motion for Protective Order and Stay of Discovery.

Dated this 9th day of October, 2013.

9

*[SIGNATURE ON FOLLOWING PAGE]*

**STEEL & MOSS, LLP**

By:
John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Dated this 9th day of October, 2013.

**STEEL & MOSS, LLP**

By: _____
John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

11

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and,
MICHELLE SEARCY, as Natural Mother, and
Jointly as Co-Personal Representatives of
DON'TERIO SEARCY, deceased,

          Plaintiffs,                  CASE NO.: 13CV-159

v.

BEN HILL COUNTY SCHOOL DISTRICT, and
FLORIDA BIBLE CAMP, INC.,

          Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT BEN HILL COUNTY SCHOOL DISTRICT'S MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY

COMES NOW, CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, by and through their undersigned counsel, and hereby responds to Defendant BEN HILL COUNTY SCHOOL DISTRICT'S Motion for Protective Order and Stay of Discovery, and states as follows:

1.    Defendant Ben Hill County School District's Motion to Dismiss filed contemporaneously with the instant Motion for Protective Order and Stay of Discovery is premised on sovereign immunity. As such, Defendant has requested a motion for protective order and stay of discovery pending this Court's order on its pending Motion to Dismiss. However, determining whether sovereign immunity extends to Defendant's in the instant matter is dependent on the facts of the case and information, which can be obtained only through discovery. As such, Plaintiffs' request that this Court summarily deny Defendant's Motion for

1

Protective Order and Stay of Discovery, or alternatively, permit Plaintiffs' to obtain discovery relevant to determining whether Defendant is entitled to sovereign immunity.

2.     As Defendant cites, this Court has broad discretion to grant or deny discovery under O.C.G.A. § 9-11-26(c), and does not have to summarily deny discovery but can limit the scope:

> (2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (4) That certain matters not be inquired into or that the scope of the discovery may be limited to certain matters (2012).

As aforementioned, Plaintiffs' request that this Court summarily deny Defendant's Motion for Protective Order and to Stay Discovery. Alternatively, Plaintiff requests that this Court allow Plaintiff to conduct discovery limited to determining whether Defendant is entitled to sovereign immunity. As sovereign immunity acts as a total bar to recovery, this Court should protect Plaintiffs' right to bring suit and due process of law by granting discovery concerning the sovereign immunity issue.

3.     Sovereign immunity may be waived by an act of the General Assembly, or by the Constitution of the state of Georgia. See *Crisp County School System v. Brown*, 226 Ga. App. 800 (Georgia Ct. Apps. 1997). Furthermore, sovereign immunity is waived to the extent the government enters into written contracts which would serve as a waiver. O.C.G.A. § 50-21-1. Plaintiffs' should be entitled some discovery to determine whether there any contracts were in place between Defendant Ben Hill County School District and Defendant Florida Bible Camp that would waive sovereign immunity. For example, Defendant Ben Hill County School District may have contracted with Defendant Florida Bible Camp to have medical personal on the field, or to be responsible for providing emergency medical care to student athletes. Similarly, Defendant Ben Hill County School District may have entered into contracts with decedent's

2

parents or with decedent that would act to waive sovereign immunity. As such, Plaintiffs should be entitled to limited discovery without summary dismissal of their claims.

WHEREFORE, Plaintiffs' CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, respectfully request that this Court deny Defendant BEN HILL COUNTY SCHOOL DISTRICT'S Motion for Protective Order and Stay of Discovery.

Dated this 9th day of October, 2013.

STEEL & MOSS, LLP

By:

John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Dated this 9th day of October, 2013.

STEEL & MOSS, LLP

By: _____

John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father; and,
MICHELLE SEARCY, as Natural Mother, and
Jointly as Co-Personal Representatives of
DON'TERIO SEARCY, deceased,

        Plaintiffs,                CASE NO.: 13CV-159

v.

BEN HILL COUNTY SCHOOL DISTRICT, and
FLORIDA BIBLE CAMP, INC.,

        Defendants.

_____/

## JOINT STIPULATION EXTENDING TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANT FLORIDA BIBLE CAMP, INC.'S MOTION TO DISMISS

COME NOW Plaintiffs herein, and Defendant Florida Bible Camp, Inc., by and through

counsel, and jointly stipulate to this Court that the time within which Plaintiffs have to respond to

Defendant's Motion to Dismiss is hereby extended through and including October 21, 2013.

This 14th day of October, 2013.

Consented to by:

_____
John D. Steel
Georgia Bar No. 677646
STEEL & MOSS, LLP
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305
(404) 264-1292
*Attorneys for Plaintiff*

_____
Sun S. Choy
Georgia Bar No. 025148
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
*Attorneys for Defendant Florida Bible Camp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Joint Stipulation Extending Time For Plaintiff to Respond to Defendant Florida Bible Camp, Inc.'s Motion to Dismiss* upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Sun S. Choy, Esq.
Peter L. Munk, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

This 14th day of October, 2013.

STEEL & MOSS, LLP

John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

2

8:00Am
**FILED IN OFFICE**

IN THE SUPERIOR COURT OF BEN HILL COUNTY   OCT 2 1 2013
**STATE OF GEORGIA**

Barin Ayme Johnson
CLERK/SUPERIOR COURT, BEN HILL CO., GA.

CARLTON SEARCY, as Natural Father; and    )
MICHELLE SEARCY, as Natural Mother, and    )
Jointly as Co-Personal Representatives of    )
DON'TERIO SEARCY, deceased,    )
     )
    Plaintiffs,    )   CIVIL ACTION FILE
     )
v.    )   NO. 13-CV-159
     )
BEN HILL COUNTY SCHOOL DISTRICT; and    )
FLORIDA BIBLE CAMP, INC.,    )
     )
    Defendants.    )
_____)

## NOTICE OF HEARING

PLEASE TAKE NOTICE that undersigned counsel for Defendant Ben Hill County

School District will bring on for hearing the *Motion to Dismiss or for Judgment on the Pleadings*

*on behalf of Defendant Ben Hill County School District* and *Motion for Protective Order and*

*Stay of Discovery* before The Honorable T. Christopher Hughes at the Ben Hill County

Courthouse, 401 East Central Avenue, Fitzgerald, Georgia, on Monday, November 18, 2013 at

9:00 a.m. or as soon thereafter as counsel can be heard.

Respectfully submitted, this 15th day of October, 2013.

_____
Hieu M. Nguyen
Georgia Bar No. 382526
Phillip L. Hartley
Georgia Bar No. 333987

Harben, Hartley & Hawkins, LLP
Suite 750 Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399

And

John T. Croley, Jr. *(with express permission)*
Georgia Bar No. 197150

Law Offices of John T. Croley, Jr.
311 West Central Avenue
P. O. Box 690
Fitzgerald, GA 31750-0690
Phone: (229) 423-6608
Fax: (229) 424-0070

ATTORNEYS FOR DEFENDANT
BEN HILL COUNTY SCHOOL DISTRICT

## IN THE SUPERIOR COURT OF BEN HILL COUNTY
## STATE OF GEORGIA

CARLTON SEARCY, *et al.*,                    )
                                             )
    Plaintiffs,                         )    CIVIL ACTION FILE
                                             )
v.                                           )    NO. 13-CV-159
                                             )
BEN HILL COUNTY SCHOOL DISTRICT,             )
*et al.*,                                    )
                                             )
    Defendants.                         )
_____)

### CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Ben Hill County School District does hereby

certify that he has this date served the following with a copy of the *Notice of Hearing* by

depositing the same in the U.S. Mail with proper postage thereon, addressed to:

    John D. Steel
    Steel & Moss, LLP
    15 Piedmont Center, Suite 1560
    3575 Piedmont Road, N.E.
    Atlanta, Georgia 30305

    Sun S. Choy
    Peter L. Munk
    Freeman Mathis & Gary, LLP
    100 Galleria Parkway, Suite 1600
    Atlanta, Georgia 30339-5948

This 15th day of October, 2013.

                      HARBEN, HARTLEY & HAWKINS, LLP

                      Hieu M. Nguyen
                      Georgia Bar No. 382526

Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway           ATTORNEY FOR DEFENDANT
Gainesville, Georgia 30501         BEN HILL COUNTY SCHOOL DISTRICT
Phone: (770) 534-7341
Fax: (770) 532-0399

3

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

**CARLTON SEARCY**, as Natural Father; and,
**MICHELLE SEARCY**, as Natural Mother, and
Jointly as Co-Personal Representatives of
**DON'TERIO SEARCY**, deceased,

        Plaintiffs,                CASE NO.: 13CV-159

v.

**BEN HILL COUNTY SCHOOL DISTRICT**, and
**FLORIDA BIBLE CAMP, INC.**,

        Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT FLORIDA BIBLE CAMP, INC.'S MOTION TO DISMISS

COME NOW, CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, by and through their undersigned counsel, and hereby responds to Defendant FLORIDA BIBLE CAMP, INC.'S Motion to Dismiss, and state as follows:

## STANDARD OF REVIEW

Defendant Florida Bible Camp, Inc., has moved under O.C.G.A. § 9-11-12(c) for a judgment on the pleadings. Defendant bases its motion on the conclusion that Plaintiffs cannot assert such tort claims against the school district unless sovereign immunity has been waived as to Defendant Ben Hill County School District, that Plaintiffs lack personal jurisdiction over Defendant Florida Bible Camp, Inc., and that Plaintiffs have failed to state a claim in negligence. When considering a motion under 9-11-12(c) if the pleadings raise an issue of fact, the motion must be denied. See Smith v. Wheeler, 233 Ga. 166, 210 S.E.2d 702 (1974). Such a motion is only granted if allegations of the complaint disclose with certainty that plaintiff would not be

1

entitled to relief under any facts which could be proved in support of the claim. *See* Christner v. Eason, 146 Ga. App. 139, 245 S.E.2d 489 (1978). *See also* Robinson v. Reardon, 134 Ga. App. 815, 216 S.E.2d 370 (1975). Where there are conceivable facts upon the proof of the case which plaintiff could recover, the motion must be denied. Christner, supra. In addition the trial court cannot go outside the pleadings and all allegations are taken as true. *See* Traveler's Ins. Co. v. Johnson, 118 Ga. App. 616, 164 S.E.2d 926 (1968). *See also* Lewis v. Turner Broadcasting System, Inc., 232 Ga. App. 831, 503 S.E.2d 81 (1998).

Defendant Florida Bible Camp Inc.'s Motion to Dismiss is premised on sovereign immunity, alleged lack of in personam jurisdiction, and that Plaintiffs have failed to state a claim in negligence. As such, Plaintiffs request that this Court summarily deny Defendant Florida Bible Camp Inc.'s Motion to Dismiss.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiffs have alleged sufficient facts in their Complaint to prove a conceivable set of facts upon which Plaintiffs could recover against Defendant Florida Bible Camp, Inc., and this Court must take Plaintiffs' allegations as true. Furthermore, Plaintiffs have not had the privilege of conducting any discovery at this juncture. This Court has broad discretion to grant or deny discovery under O.C.G.A. § 9-11-26(c), and does not have to summarily deny discovery but can limit the scope:

> (2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (4) That certain matters not be inquired into or that the scope of the discovery may be limited to certain matters (2012).

This Court should allow Plaintiffs to conduct discovery to determine whether Defendant Florida Bible Camp, Inc., is entitled to dismissal based upon lack of in personam jurisdiction, whether

2

venue is proper, whether Plaintiffs have a viable claim in negligence, and whether Defendant Ben Hill County School District is entitled to sovereign immunity.

## A.  Plaintiffs Do Not Lack Personal Jurisdiction

Pursuant to O.C.G.A. § 9-10-91 Georgia courts have jurisdiction of nonresidents if the defendant (1) Transacts any business within the state; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (4) owns, uses, or possesses any real property situated within the state.  (2012).  A defendant seeking a motion to dismiss on lack of personal jurisdiction bears the burden of proof.  Robertson v. CRI, 601 S.E.2d 163 (Ga. Ct. App. 2004).  The three-prong test that applies to determine if Georgia's long-arm statute applies is the following: "(1) the nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum; (2) a plaintiff must have a legal cause of action against the nonresident, which arises out of, or results from, the activity or activities of the defendant within the forum; and (3) if (and only if) the requirements of Rules 1 and 2 are established, a minimum contact between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of fair play and substantial justice. In other words, the exercise of jurisdiction based upon the minimum contact must be reasonable." Robertson v. CRI, 601 S.E.2d 163.  A single occurrence can give rise to in-personam jurisdiction and does not require the physical presence of the defendant in the state. Id.

Defendant Florida Bible Camp, Inc.'s President prepared an affidavit attesting to the fact it does not transact business in Georgia and does not solicit business in Georgia.  Plaintiffs are

3

not required to summarily accept the facts presented in the affidavit as true without conducting independent discovery. Furthermore, the affidavit does not attest to whether Defendant Florida Bible Camp, Inc., engages in any persistent course of conduct in Georgia, derives substantial revenue from Georgia citizens, or owns, uses or possesses any real property in Georgia. Should discovery reveal that Florida Bible Camp, Inc., hosts Georgia high school football teams on its property on an annual basis, such behavior constitutes a persistent course of conduct and may amount to substantial revenue from goods or services obtained from the state of Georgia. In fact, Defendant Florida Bible Camp Inc.'s own affidavit alleges that one reason for renting the property to high school athletic teams is to earn for revenue that it needs to operate as it primarily functions as a Christian summer camp. Thus, by Defendant's own admission, a substantial amount of revenue is rendered to Defendant Florida Bible Camp from athletic associations including the funds received from Defendant Ben Hill County School District located in Georgia. Plaintiffs assert that decedent Don'Terio Searcy was injured attending football camp, as discussed Defendant Florida Bible Camp stated that hosting athletic camps is the nature of its business of which it avails itself to Georgia citizens including Defendant Ben Hill County School District.

As aforementioned, a single incident is sufficient to constitute in personam jurisdiction. Defendant Florida Bible Camp, Inc., contracted, rendered its services, availed its property, and obtained revenue from Defendant Ben Hill County School District which is a subdivision of the state of Georgia. Thus, Defendant Florida Bible Camp, Inc. was not just transacting business with a single citizen of the state of Georgia, but a subdivision of the State itself- thus expressly putting Defendant Florida Bible Camp, Inc. on notice that it could be subject to the jurisdictional limits of the state of Georgia including this Court. Defendant Florida Bible Camp, Inc. cannot

4

argue with integrity that it conducted business with a subdivision of the State itself, yet had not knowledge or fair warning that it could be subjected to jurisdiction in Georgia.

This Court should deny Defendant Florida Bible Camp's Motion to Dismiss for failure to allege in personam jurisdiction and grant discovery to determine whether Defendant owns any real property or has property interests in Georgia, whether Defendant conducts any business in Georgia, whether Defendant solicits business in Georgia, whether Defendant engages in a persistent course of conduct in Georgia, and any other information relevant to establishing in personam jurisdiction, including the existence of any contracts between Defendant Florida Bible Camp, Inc. and Defendant Ben Hill County School District.

### B. Venue is Not Vanishing Nor Improper

Defendant Florida Bible Camp stated that Plaintiff's failed to properly establish venue as Defendant Ben Hill County School District is a "sham" defendant. As stated in Plaintiff's Response to Defendant Ben Hill County School District's Motion to Dismiss, Defendant Ben Hill County School District is not entitled to sovereign immunity and sovereign immunity is not absolute. Sovereign immunity may be waived by an act of the General Assembly, or by the Constitution of the state of Georgia. See _Crisp County School System v. Brown_, 226 Ga. App. 800 (Georgia Ct. Apps. 1997). Furthermore, should this Court determine that Defendant Ben Hill County School District is entitled to sovereign immunity that does not make Defendant a "sham" defendant. A sham defendant is a fictitious or fraudulent defendant, as stated supra, nothing in Georgia law precludes a citizen from bringing a claim against a school district and sovereign immunity is not absolute. Pursuant to the Constitution of the State of Georgia and the United States Constitution, all citizens have the right to life and to bodily integrity which cannot be denied without due process of law. See U.S.C. Amendment XIV; Ga. Const. Art. I, Paragraph

5

1. In the instant matter, decedent Don'Terio Searcy had a right to life and bodily integrity guaranteed by the United States Constitution and the Constitution of State of Georgia, and by violating decedent's constitutional rights Defendant Ben Hill County School District waived sovereign immunity.

As such, Defendant Ben Hill County School District had a duty to refrain from actions or inactions that could deprive Don'Terio Searcy of his life and/or bodily integrity without due process of law. In the instant matter, decedent Don'Terio Searcy experienced a medical emergency created by the conduct of Defendant Ben Hill County School District while in the care and custody of Defendant Ben Hill County School District and its employees, including loss of consciousness, hallucinations, vomiting, and exhibited signs of heat illness. Defendant Ben Hill County School District employees have a constitutional duty to seek or summons emergency medical care and/or a duty not to further endanger the health of a student experiencing a medical emergency resulting in deprivation of life. Many Georgia courts have held that school employees have no duty to render aid to students. Certainly the courts could not have meant for such holdings to lead to egregious conclusions in the instant matter, wherein school employees had knowledge of a serious medical emergency including loss of consciousness, hallucinations, vomiting, and other symptoms related to heat-illness and failed to dial 911. Moreover, not only did the Defendant's employees in the instant matter fail to summons medical care, the employees actively disciplined or bullied the minor decedent while he was experiencing a medical emergency further interfering with his right to bodily integrity and right to life. Several of the decedent's teammates signed sworn affidavits attesting that coaches knew Don'Terio Searcy lost consciousness, that he was vomiting, stating that he saw his mother and Jesus when he lost consciousness, could not perform conditioning drills, and that coaches continued to yell

6

profanities at him and threaten decedent and his teammates despite observing that he was experiencing a medical emergency. Defendant Ben Hill County School District's failure or inaction to summons medical care and its actions meant to punish or further jeopardize Don'Terio Searcy's medical emergency, lead to the deprivation of his constitutional rights to life and bodily integrity; as such, Defendant waived sovereign immunity.

In general, Georgia law precludes liability against teachers and school employees for supervising and monitoring students. See *Caldwell v. Griffin*, 503 S.E.2d 43, 46 (Ga. Ct. App. 1998, Judge Ruffin Concurring); See also *Wright v. Ashe*, 469 S.E.2d 268 (1996). In the Caldwell opinion, Judge Ruffin prepared a concurring opinion contemplating the injustice posed by the failure of the State of Georgia to recognize a duty of school employees to supervise students and provide for their safety:

> School officials should not be immune from suit when they are in charge of supervising students and are acting in the place of the students' parents, but then fail to take precautionary measures to prevent students from being harmed...I suggest that appellate courts, and more appropriately, the legislature revisit the issue of whether supervision of students amounts to a discretionary rather than a ministerial act. Moreover we should consider Florida's stance on the subject, which is that "the duty to supervise high school students is generally ministerial in nature. *Caldwell* at 46. *Rupp v. Bryant*, 417 So. 2d 658, 665 (Fla. 1982); See also *Wyke v. Polk County School Bd.*, 129 F. 3d 560, 570-74 (11th Cir. 1997). "Florida case law recognizes the general duty of schools, principals and teachers to adequately supervise students placed within their care. The genesis of this supervisory duty is based on the school employee standing partially in place of the student's parents." *Leahy v. School Bd. Of Hernando County*, 450 So. 2d 883, 885 (Fla. App. 1984). In *Rupp* the plaintiff, a high school student sued the principal, faculty advisor, and school board after the plaintiff suffered injuries in a hazing initiation at an initiation ceremony at a school club. The Florida Supreme Court, in determining that supervision of high school students is a ministerial act, relied on the decisions of other jurisdictions. See *Larson v. Independent School Dist.*, 289 N.W. 2d 112 (Minn. 1979); *Cook v. Bennett*, 94 Mich. App. 93 (Mich. 1979); *Salyers v. Burkhard*, 352 N.E. 2d 156 (Ohio 1974).
> *Caldwell v. Griffin*, 503 S.E.2d 43, 46 (Ga. Ct. App. 1998, Judge Ruffin Concurring).

The failure of the State of Georgia to recognize school employee's duty to provide some level of care and consideration for students' safety not only challenges common sense and moral

decency, but is legally unsound. Both the United States Constitution and the Constitution for the State of Georgia recognize every citizens' right to life and bodily integrity which cannot be deprived without due process of law, and recognize a prisoners' right to receive medical treatment. U.S.C. Amendments XIV and VIII; Ga. Const. Art. I, Paragraph I and O.C.G.A. § 42-5-2. Furthermore, the state of Georgia has implemented a statute requiring schools to implement policies for safety of students; however, most Georgia courts treat the statute as discretionary rather than ministerial. O.C.G.A. § 20-2-1185. Georgia courts cannot continue to proceed under the legally fallacious and morally inept conclusion that our citizens have a right to life and prisoners have a right to receive medical treatment, but our children do not have the same rights while housed within our state's educational institutions. How does a child have a lesser right to receive medical care and to be safe while at school, than a prisoner in a jail cell? How does a teacher have a lesser duty to provide for the safety of our children than a warden has to provide for safety of an inmate?

Certainly, Georgia courts and legislative intent cannot mean to uphold egregious conclusions as in the instant matter wherein Defendant Ben Hill County School District argues that although decedent seventeen year-old DON'TERIO SEARCY was found unconscious on a bathroom floor, saw Jesus, was vomiting, incoherent, and complaining of pain, that school employees had no duty to pick up a phone and dial 911, or worse yet, continued to bully him and knowingly subject his body to further physical punishment ultimately depriving him of his constitutional right to bodily integrity and life. Given the facts of the instant matter, Defendant's actions deprived Plaintiff of his constitutionally guaranteed rights to bodily integrity and life thereby waiving sovereign immunity. Georgia courts should reconsider recognizing a duty of

8

school employees to provide for the safety and welfare of students in upholding citizen's constitutionally guaranteed right to bodily integrity and right to life.

Furthermore, a scholastic entity waives immunity when it establishes a policy requiring an official to take certain actions or creates a ministerial duty or policy. *Grammens v. Dollar*, 287 Ga. 618, 619-21 (Georgia 2010). Ben Hill County Schools promulgated a policy on Concussion Management, Paragraph 2, which mandates that "If a student participating in an extracurricular athletic activity exhibits symptoms of having a concussion, he or she shall be removed from the activity and be examined by a health care provider." The Ben Hill County Fitzgerald High School Student/Parent Concussion Awareness Form lists the common signs and symptoms of concussion as headache, dizziness, nausea or vomiting, fogginess of memory, confused about surroundings, and loss of consciousness, all symptoms experienced by DJ Searcy as listed in Plaintiffs' Complaint. The Concussion Awareness Form requires the signature of the student athlete and a parent and states that, "Any athlete who exhibits signs, symptoms, or behaviors consistent with a concussion shall be immediately removed from the practice or contest and shall not return to play until an appropriate healthcare professional has determined that no concussion has occurred." The school district promulgated a policy requiring school officials to summons medical care when a student is experiencing symptoms of a concussion and contractually obligated themselves to do same. When a governmental entity contracts to provide services it creates an affirmative duty and waives sovereign immunity. Ga. Const. Art. I, § II, Para. IX (c); O.C.G.A. § 50-21-1. As decedent Don'Terio Searcy exhibited signs of a concussion, Defendant did not have the option of obtaining medical care but a mandatory duty provided for in statute and contract to summons medical attention and to remove him from the field until he obtained medical clearance.

9

Defendant Ben Hill County School District further promulgated a policy entitled Field Trips and Excursions requiring submission of a plan for a field trip or excursions to the superintendent for approval at least thirty (30) days prior to the departure date. Any excursion must consider or address, "any risks or danger associated with the trip," and the "Superintendent shall implement from time to time, such administrative procedures as may be necessary to effectuate the letter and spirit of this policy." Therefore, Plaintiffs should be entitled to discovery to determine whether the football administrators submitted a plan for the football camp in Florida to the Superintendent, and whether the Superintendent created any administrative policies or procedures, or generated further contractual obligations which would waiver sovereign immunity.

The State of Georgia and Ben Hill County Schools also promulgated a policy regarding the use of corporal or physical punishment. See O.C.G.A. § 20-2-731. Although school districts may use corporal punishment, it may not be excessive or unduly severe, shall never be used as first line of punishment, and must be in presence of principal or assistant principal. *Id.* In the instant matter the coaches forced the decedent to perform drills which caused bodily pain after he had already lost consciousness once and exhibited symptoms of a medical emergency discussed supra. The purpose of such a statute and policy is passed in cognizance of one's right to bodily integrity, the promulgation of which helps ensure one's constitutional right to life. The Defendant employees in the instant matter violated the statute/policy regarding corporal punishment of a minor student, further evidencing that the actions and inactions of the Defendant had a propensity to cause a deprivation of bodily integrity and right to life.

More recently, the state of Georgia has recognized a student's right to be free from bullying, as codified in O.C.G.A. 20-2-751.4. As defined, "bullying means an act which

10

occurs...at school related functions or activities...that is: (1) Any willful attempt or threat to inflict injury on another person, when accompanied by an apparent present ability to do so; (2) Any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm; or (3) Any intentional written, verbal, or physical act which a reasonable person would perceive as being intended to threaten, harass, or intimidate." The statute required the anti-bullying legislation to be implemented in school policies, and Defendant Ben Hill County School District implemented same within its policies. The coaches behavior toward decedent Don'Terio Searcy certainly epitomized the definition of bullying as the coaches knew decedent was experiencing a medical emergency, shouted profanities at him and forced him to continue practicing causing bodily harm to his person, punished him and threatened him and his teammates for his inability to continue drills. Defendant employees in the instant matter violated the statute/policy regarding corporal punishment of a minor student and the anti-bullying legislation, further evidencing that the actions and inactions of the Defendant acted inapposite to upholding decedent's constitutionally guaranteed rights to bodily integrity and life.

Defendant Ben Hill County School District violated numerous ministerial acts, including the Georgia High School Association policy requiring coaches and football staff to use a wet bulb globe to determine the heat index prior to each practice or game. Defendant admits in its Answer and Defenses to Plaintiffs' Complaint that there was a national weather heat advisory in affect the date of the incident and that the coaches failed to use a wet bulb globe (See Defendant's Answer pg. 5, paragraph 20; pg. 6, paragraph 34). As such, Defendant admittedly violated a policy or ministerial function put in place to protect the safety and bodily integrity of student athletes including decedent, Don'Terio Searcy, evidencing a conscious disregard for his constitutionally guaranteed right to life.

11

Furthermore, sovereign immunity is waived to the extent the government enters into written contracts which would serve as a waiver. O.C.G.A. § 50-21-1. Plaintiffs' should be entitled some discovery to determine whether there any contracts were in place between Defendant Ben Hill County School District and Defendant Florida Bible Camp that would waive sovereign immunity. For example, Defendant Ben Hill County School District may have contracted with Defendant Florida Bible Camp to have medical personal on the field, or to be responsible for providing emergency medical care to student athletes. Similarly, Defendant Ben Hill County School District may have entered into contracts with decedent's parents or with decedent that would act to waive sovereign immunity. Plaintiffs should be entitled to limited discovery without summary dismissal of their claims.

As such, Defendant Ben Hill County School District is not entitled to sovereign immunity nor a sham defendant, and this Court should deny Defendant Florida Bible Camp's Motion to Dismiss based on the premise that venue is improper.

### c. Plaintiffs Have Not Failed to State a Claim in Negligence

Defendant Florida Bible Camp, Inc., asserts that this Court should deny Plaintiffs' negligence claim against it as Plaintiffs failed to state a claim upon which relief can be granted. In support of its motion, Defendant Florida Bible Camp narrowly and solely focuses on one of the multiple negligence allegations Plaintiffs forwarded against Defendant; namely, that Defendant Florida Bible Camp cannot be liable for extreme heat conditions in the region and for failing to post warning notices regarding the extreme heat. Contrary to Defendant's limited assertions, Plaintiffs' allegations included all of the following which Defendant neglected to address in turn in Plaintiffs' Complaint paragraph 54:

12

A)   failing to inform the Fitzgerald High School Staff and students of the National Weather Service's heat advisory warning for Florida during that time period;

B)   failing to promulgate policies and procedures requiring persons or entities utilizing their property for recreational purposes including football camps, to cancel practice when climatic conditions reached levels that posed danger to human health, especially when the National Weather Service issued a heat advisory;

C)   failing to have medical personnel present on the property and/or failing to require persons or entities to have medical personnel present on the property;

D)   failing to require persons or entities to utilize wet bulb globes to measure climatic conditions, and/or have life-saving measures available on the premise to combat heat-illness;

E)   failing to promulgate policies and procedures to entities and/or persons utilizing the property on how to respond to emergency medical care and/or how to summon emergency medical care; and,

F)   failing to require entities and/or persons utilizing the subject property to report any serious medical condition or emergency medical condition; such as, loss of consciousness, to property management.

Both Georgia and Florida statutes and common law recognize duties imposed upon land owners and persons that possess lands. As landowner Defendant Florida Bible Camp had a non-delegable duty to act in a reasonable and prudent manner toward its invitees, to use reasonable care to ensure the premise was in a reasonably safe condition, and to warn invitees of known dangerous conditions. O.C.G.A. § 51-3-1. Lau's Corp. v. Haskins, 261 Ga. 491, 405 S.E.2d 474, 1991 Ga. LEXIS 321 (Ga. 1991). Defendant Florida Bible Camp President admits in the affidavit in support of Defendant's Motion to Dismiss that it holds its property out for use by athletic associations and football teams, and generates revenue for that purpose. Injuries arising to football players attending a football camp is reasonably forseeable and as such, Defendant Florida Bible Camp should have ensured that medical personnel was available on the property, instituted emergency medicine policies and procedures for participants of the various camps, and established a system to warn participants and patrons of severe climatic conditions. Plaintiffs have not alleged that Defendant Florida Bible Camp could control climatic conditions, but rather

13

had a duty to warn persons present on its property of severe climatic conditions; such as, the national weather advisory in effect the date that Don'Terio Searcy died. Furthermore, Plaintiffs alleged that Defendant Florida Bible Camp, Inc., should have promulgated policies and procedures related to the use of its property to patrons to ensure the safety of its invitees, including regulations requiring the cancellation of outdoor practices during certain climatic conditions. As Defendant Florida Bible Camp, Inc. only addressed Plaintiffs' allegations contained in A&B above, and summarily failed to address Plaintiffs' Complaint allegations outlined in C-F above, Defendant's Motion to Dismiss should be summarily denied as Defendant has the burden of proof to support its allegation that Plaintiffs have failed to state a claim.

When viewed in a light most favorable to the non-moving party, this Court should deny Defendant's Motion to Dismiss Plaintiffs' Complaint as Plaintiffs have alleged a set of facts that conceivably support their claims.

WHEREFORE, Plaintiffs' CARLTON SEARCY, as Natural Father; and MICHELLE SEARCY, as Natural Mother, and Jointly as Co-Personal Representatives of DON'TERIO SEARCY, deceased, respectfully request that this Court deny Defendant FLORIDA BIBLE CAMP'S Motion to Dismiss.

Dated this 21st day of October, 2013.

STEEL & MOSS, LLP

By: _____
John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Sun S. Choy, Esq.
Peter L. Munk, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Dated this 21st day of October, 2013.

**STEEL & MOSS, LLP**

By: _____
John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

15

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

**CARLTON SEARCY**, as Natural Father; and,
**MICHELLE SEARCY**, as Natural Mother, and
Jointly as Co-Personal Representatives of
**DON'TERIO SEARCY**, deceased,

        Plaintiffs,                        CASE NO.: 13CV-159

v.

**BEN HILL COUNTY SCHOOL DISTRICT**, and
**FLORIDA BIBLE CAMP, INC.,**

        Defendants.

_____/

## REQUEST FOR ORAL ARGUMENT

COME NOW Plaintiffs in the above referenced case, by and through their counsel of record, and hereby request that the Court set a hearing for oral argument on Defendant Florida Bible Camp, Inc.'s Motion to Dismiss.

Respectfully submitted this 21st day of October, 2013.

                         **STEEL & MOSS, LLP**

                         By:_____
                         John D. Steel
                         Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Sun S. Choy, Esq.
Peter L. Munk, Esq.
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Dated this 21st day of October, 2013.

STEEL & MOSS, LLP

By: _____

John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

2

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father;    *      CIVIL ACTION FILE NO. 13CV-159
And MICHELLE SEARCY, as Natural     *
Mother, and Jointly as Co-Personal      *
Representatives of DON'TERIO SEARCY, *
Deceased,                        *
                                *
      Plaintiffs,              *
                                *
v.                                *
                                *
BEN HILL COUNTY SCHOOL         *
DISTRICT; and FLORIDA BIBLE CAMP, *
INC.,                           *
                                *
      Defendants.            *

## ORDER RESCHEDULING HEARING

On October 21, 2013, Defendant Ben Hill County School District scheduled a hearing on
its *Motion to Dismiss or for Judgment on the Pleadings and Motion for Protective Order and
Stay of Discovery.* The hearing was scheduled for November 18, 2013; however on October 22,
2013, Defendant Florida Bible Camp, Inc. filed a Request for Oral Argument on its *Motion to
Dismiss.*

IT IS THEREFORE ORDERED that the November 18, 2013 hearing on Defendant Ben
Hill School District's Motion to Dismiss is hereby continued. Defendant Ben Hill School
District's *Motion to Dismiss or for Judgment on the Pleadings and Motion for Protective Order
and Stay of Discovery* will be heard before the Honorable John C. Pridgen on the 19th day of
December, 2013, at 9:00 am at the Ben Hill County Courthouse, located at 401 East Central
Ave., Fitzgerald, Georgia.

SO ORDERED, this 29th day of October, 2013.

_____
JOHN C. PRIDGEN, JUDGE
SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT

## CERTIFICATE OF SERVICE

I have this day served the Plaintiffs and the Defendants with a copy of the forgoing

Notice of Hearing by placing the same in the U.S. Mail, with sufficient postage thereon, to:

Mr. Phillip Hartley
Mr. Hieu M. Nguyen
Harben, Hartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, GA 30501

Mr. John T. Croley, Jr.
Law Offices of John T. Croley, Jr.
P.O. Box 690
Fitzgerald, GA 31750

Mr. John D. Steel
Steel & Moss, LLP
15 Piedmont Center, Suite 1560
3575 Piedmont Rd., NW
Atlanta, GA 30305

Mr. Sun S. Choy
Mr. Peter L. Munk
Freeman, Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

This 29th day of October, 2013.

JOHN C. PRIDGEN
JUDGE, SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as natural father,     )
and MICHELLE SEARCY, as natural        )
mother, and Jointly as Co-Personal     )
Representatives of DON' TERIO          )
SEARCY, deceased,                      )
                                       )  CIVIL ACTION FILE
    Plaintiffs,      )  NO. 13-CV-159
                                       )
v.                                     )
                                       )
BEN HILL COUNTY SCHOOL                 )
DISTRICT and FLORIDA BIBLE             )
CAMP, INC.,                            )
                                       )
    Defendants.      )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that undersigned counsel for Defendant Florida
Bible Camp, Inc. will bring on for hearing its *Motion to Dismiss and Incorporated
Supporting Memorandum of Law* before The Honorable T. Christopher Hughes at
the Ben Hill County Courthouse, 401 East Central Avenue, Fitzgerald, Georgia, on
Monday, November 18, 2013 at 9:00 a.m. or as soon thereafter as counsel can be
heard.

This _30_ day of October, 2013.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Peter L. Munk
Georgia Bar No. 451809

Attorneys for Defendant
Florida Bible Camp, Inc.

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF HEARING** by depositing a true and correct copy thereof in the United States mail, postage prepaid, properly addressed upon:

John D. Steel, Esq.
STEEL & MOSS, LLP
15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305

Philip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
HARBEN, HARTELY & HAWKINS, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
Law Offices of John T. Croley, Jr.
311 West Central Avenue
P.O. Box 690
Fitzgerald, Georgia 31750-0690

This 30th day of October, 2013.

Sun S. Choy
Georgia Bar No. 025148

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
886114

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father;      *      CIVIL ACTION FILE NO. 13CV-159
and MICHELLE SEARCY, as Natural
Mother; and Jointly as Co-Personal      *
Representatives of DON'TERIO SEARCY,
Deceased,      *

     Plaintiffs      *

v,      *

BEN HILL COUNTY SCHOOL      *
DISTRICT; and FLORIDA BIBLE CAMP,
INC.,      *

     Defendants      *

## ORDER RESCHEDULING HEARING

A hearing in the above-styled civil action having been scheduled on the 19th day

of December, 2013, and the Court having rescheduled said hearing for good cause shown,

IT IS THEREFORE ORDERED that all outstanding motions will be heard by the

Court on the 3rd day of February, 2014, at 9:00 a.m., in the Courtroom of the Ben Hill

County Courthouse, located at 401 East Central Avenue, Fitzgerald, Georgia.

SO ORDERED, this _30th_ day of December, 2013.

_____
JOHN C. PRIDGEN
CHIEF JUDGE, SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT



## CERTIFICATE OF SERVICE

I have this day served the following parties with a copy of the foregoing Order by

placing the same in the U.S. Mail, with sufficient postage thereon, to:

Philip Hartley
Hieu M. Nguyen
HARBEN, HARTLEY & HAWKINS, LLP
Attorneys at Law
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, GA 30501

John T. Croley, Jr.
Attorney at Law
P. O. Box 690
Fitzgerald, GA 31750

John D. Steel
STEEL & MOSS, LLP
Attorneys at Law
15 Piedmont Center, Suite 1560
3575 Piedmont Road, NW
Atlanta, GA 30305

Sun S. Choy
Peter L. Munk
FREEMAN, MATHIS & GARY, LLP
Attorneys at Law
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

This  30    day of December, 2013.

JOHN C. PRIDGEN
CHIEF JUDGE, SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

CARLTON SEARCY, as Natural Father;       *       CIVIL ACTION FILE NO. 13CV-159
and MICHELLE SEARCY, as Natural
Mother; and Jointly as Co-Personal       *
Representatives of DON'TERIO SEARCY,
Deceased,       *

      Plaintiffs       *

v.       *

BEN HILL COUNTY SCHOOL       *
DISTRICT; and FLORIDA BIBLE CAMP,
INC.,       *

      Defendants       *

## ORDER RESCHEDULING HEARING

A hearing in the above-styled civil action having been scheduled on the 3rd day of

February 2014, and the Court having rescheduled said hearing for good cause shown,

IT IS THEREFORE ORDERED that all outstanding motions will be heard by the

Court on the 6th day of March, 2014, at 9:00 a.m., in the Courtroom of the Ben Hill

County Courthouse, located at 401 East Central Avenue, Fitzgerald, Georgia.

**SO ORDERED**, this 14th day of January, 2014.

JOHN C. PRIDGEN
CHIEF JUDGE, SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT


COPY

## CERTIFICATE OF SERVICE

I have this day served the following parties with a copy of the foregoing Order by

placing the same in the U.S. Mail, with sufficient postage thereon, to:

Philip Hartley
Hieu M. Nguyen
HARBEN, HARTLEY & HAWKINS, LLP
Attorneys at Law
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, GA 30501

John T. Croley, Jr.
Attorney at Law
P. O. Box 690
Fitzgerald, GA 31750

John D. Steel
STEEL & MOSS, LLP
Attorneys at Law
15 Piedmont Center, Suite 1560
3575 Piedmont Road, NW
Atlanta, GA 30305

Sun S. Choy
Peter L. Munk
FREEMAN, MATHIS & GARY, LLP
Attorneys at Law
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

This ___14th___ day of January, 2014.

JOHN C. PRIDGEN
CHIEF JUDGE, SUPERIOR COURTS
CORDELE JUDICIAL CIRCUIT

IN THE SUPERIOR COURT OF BEN HILL COUNTY
STATE OF GEORGIA

**CARLTON SEARCY**, as Natural Father; and,
**MICHELLE SEARCY**, as Natural Mother, and
Jointly as Co-Personal Representatives of
**DON'TERIO SEARCY**, deceased,

Plaintiffs,                                            CASE NO.: 13CV-159
v.

**BEN HILL COUNTY SCHOOL DISTRICT**, and
**FLORIDA BIBLE CAMP, INC.,**

Defendants.

_____/

## FIRST AMENDED COMPLAINT

**COME NOW**, Plaintiffs **CARLTON SEARCY**, as natural father; and, **MICHELLE**

**SEARCY**, as natural mother, and jointly, as Co-Personal Representatives of **DON'TERIO**

**SEARCY**, deceased, by and through their undersigned counsel, and hereby files this Complaint

against the above-named Defendants **FLORIDA BIBLE CAMP, INC.,** (hereinafter FLORIDA

BIBLE CAMP) and **BEN HILL COUNTY SCHOOL DISTRICT** (hereinafter BHCSD), for

causing the death of **DON'TERIO SEARCY** on August 2, 2011, for which Plaintiffs now seek

damages, and in support thereof allege as follows:

### JURISDICTION AND PARTIES

1.      This action is brought for wrongful death pursuant to Georgia's Wrongful Death

Act.

2.      Defendant FLORIDA BIBLE CAMP, is a Florida corporation, organized and

existing under the laws of the State of Florida, and operating and conducting business in High

Springs, Alachua County, Florida. Defendant FLORIDA BIBLE CAMP transacts business in

the state of Georgia, solicits business in the state of Georgia, participates in a course of conduct

with Georgia entities and derives substantial revenue from said Georgia entities. In particular,

1

Defendant Florida Bible Camp hosts athletic camps on a regular basis, including Defendant Ben Hill County School District for an annual football camp, and derives a substantial amount of revenue from said football camp.

3.    Jurisdiction is proper as to Defendant FLORIDA BIBLE CAMP.

4.    Venue is proper as to Defendant FLORDIA BIBLE CAMP.

5.    Defendant BEN HILL COUNTY SCHOOL DISTRICT is a political subdivision of the state of Georgia, organized and existing under the laws of the State of Georgia, and operating and conducting business in Ben Hill County, Georgia.

6.    Jurisdiction is proper as to Defendant BEN HILL COUNTY SCHOOL DISTRICT.

7.    Venue is proper as to Defendant BEN HILL COUNTY SCHOOL DISTRICT.

8.    Plaintiff DON'TERIO SEARCY, deceased, was a minor and a resident of Ben Hill County, Georgia, at all times material to the subject incident.

9.    Plaintiff CARLTON SEARCY, natural father and survivor of DON'TERIO SEARCY, and Co-Personal Representative of the Estate of DON'TERIO SEARCY, was a resident of Richland County, South Carolina, at all times material to the subject incident.

10.    MICHELLE SEARCY, natural mother and survivor of DON'TERIO SEARCY, was a resident of Ben Hill County, Georgia, at all times material to the subject incident.

## FACTUAL ALLEGATIONS

11.    Plaintiff Don'Terio Searcy was a seventeen year-old high school student at Fitzgerald High School (a member institution of the Ben Hill County School District) who played football for Fitzgerald High School in Ben Hill County, Georgia.

12.    On or about, July 31, 2011, the Fitzgerald High School football team including Plaintiff Don'Terio Searcy arrived at Florida Bible Camp in High Springs, Florida, to begin

2

football practice and training. Attendance at the camp was required of the football team members.

13.     Florida Bible Camp owned, operated and marketed its facilities including online advertisements for athletic events and to school football teams, including Fitzgerald High School in Ben Hill County, Georgia. Florida Bible Camp gained a substantial amount of revenue from hosting athletic camps including football camps, as the Florida Bible Camp functioned as a Christian summer camp and relied upon the additional revenue of football camps to operate, including the revenue generated from the Fitzgerald High School football team.

14.     The Fitzgerald High School football team including Plaintiff Don'Terio Searcy, practiced and was housed on the property owned by Florida Bible Camp in High Springs, Florida, on the evening of July 31, 2011.

15.     On August 1, 2011, the football team held three separate practices.

16.     The heat and humidity index on August 1, 2011, in High Springs, Florida was dangerously high and posed a risk to human health, but was not uncommon for High Springs, Florida, during that time of the year.

17.     During the third football practice of August 1, 2011, Plaintiff Don'Terio Searcy began to experience symptoms of heat-related illness, including but not limited to, light-headedness, loss of consciousness, did not know his whereabouts, cramping, nausea, vomiting, and incoherent speech.

18.     A Fitzgerald High School football coach found Don'Terio Searcy unconscious in a bathroom on the Florida Bible Camp premise during a practice that evening. Don'Terio stated that he saw his mother and Jesus while he was on the bathroom floor, and he was unaware of his whereabouts. The coach drove him back to practice in a golf cart. However, none of the Fitzgerald High School football coaches or staff, nor any Florida Bible Camp employee or staff,

3

called for emergency medical care, sought medical treatment for DJ Searcy, nor informed his parents that he suffered from a medical emergency.

19.     On August 1, 2011, Plaintiff Don'Terio Searcy continued to exhibit symptoms of heat-related illness and/or a medical emergency throughout the evening.

20.     On the morning of August 2, 2011, the climatic conditions in High Springs, Florida, were essentially the same as the preceding day and a National Weather Service heat advisory remained in effect for the region.

21.     Despite these conditions and the events of August 1, 2011, Fitzgerald High School held another practice on the morning of August 2, 2011, during which time Plaintiff Don'Terio Searcy continued to exhibit and experience symptoms indicating heat-illness and/or a medical emergency, which worsened as the day progressed and eventually caused his untimely death. Upon information and belief, the football team was doing conditioning drills in full pads, and forced the football players to endure long periods without water or proper hydration. Upon information and belief, at some point, Don'Terio Searcy was laying on his back cramping and one of the coaches forced the team to perform grass drills as punishment until Don'Terio Searcy stood up. Upon information and belief, Don'Terio Searcy told coaches he could not get up off the ground, but they kept telling him to get up, and he would try to get up and do the drills but he could not finish the drills. Upon information and belief, one of the coaches yelled at Don'Terio Searcy and told him to get his lazy butt up. Upon information and belief, Don'Terio Searcy told coaches on the morning of August 2, 2011, that he felt hot and tired and coaches told him to "suck it up" and stop being a "pussy." After the practice while the football players were on their way back to the cabin coaches told Don'Terio Searcy's teammates to just give him some water. At some point after the practice, Don'Terio Searcy lost consciousness and ultimately died.

4

22. Defendant Florida Bible Camp knew that Fitzgerald High School football team intended to conduct football practice and training on its premise, but did not have any medical personnel on staff that could and would recognize the symptoms of heat-related illness and/or a medical emergency, that could and should have provided treatment for Plaintiff Don'Terio Searcy for heat-related illness and/or a medical emergency, or summons medical treatment for Plaintiff.

23. Defendant Florida Bible Camp did not provide or require persons or entities to have medical personnel present on the property while utilizing the facilities for football activities.

24. Defendant Florida Bible Camp failed to provide, train and/or promulgate policies and procedures for persons or entities utilizing its property on how to summon medical care, and how to respond to emergency medical needs.

25. Florida Bible Camp did not promulgate policies and procedures, nor require persons or entities utilizing their property for recreational purposes including football camps, to not participate in football activities (practice) when the heat-humidity reached levels that posed danger to human health and/or when a heat advisory is in effect, despite the commonly known climatic conditions of High Springs, Florida in August.

26. Defendant Florida Bible Camp did not provide or require persons or entities to utilize wet-bulb thermometers to measure the heat-index, nor have life-saving measures available on the premise to combat heat-illness and/or a medical emergency.

27. Florida Bible Camp knew or should have known the danger that the high heat index posed to human health on or about August 1-2, 2011, as the National Weather Service issued a heat advisory that was in effect during that time.

5

28.     Defendant Florida Bible Camp failed to inform Fitzgerald High School staff and students of the National Weather Service's heat advisory; and/or, failed to have a method in place to apprise themselves of the weather conditions on a daily basis.

29.     Upon information and belief, Defendant BHCSD, failed to summon emergency medical care when it found Plaintiff Don'Terio Searcy unconscious, an obvious medical emergency.

30.     Defendant BHCSD failed to summon medical care when he continued to exhibit symptoms of heat-related illness and/or a medical emergency up until the time of his death.

31.     Instead Defendant BHCSD forced Plaintiff Don'Terio Searcy to continue practicing while enduring a medical emergency, and exhibiting symptoms of a medical emergency. Defendant BHCSD employees threatened, harassed, and intimidated Don'Terio Searcy by shouting verbal insults and threats at him and physically punishing his teammates for his physical inability to comply with their orders due to his medical emergency. Such actions and inactions, after Decedent already lost consciousness and experienced a medical emergency amount to malicious, willful, and/or wanton misconduct.

32.     In addition, BHCSD failed to inform Plaintiff Don'Terio Searcy's parents that he was experiencing a medical emergency.

33.     Summoning medical care, and/or summoning medical care to respond to a medical emergency and/or informing a minor's parents that he or she is experiencing a medical emergency is a ministerial act, required by law and policy. Simply, a participant cannot be required to continue to participate in football practice while experiencing and/or exhibiting symptoms of an emergency medical condition.

34.     Defendant BHCSD failed to use a wet bulb globe during the practices to ascertain whether climatic conditions posed a danger to human health as required by Georgia High School

6

Association policy of which Defendant was a member, failed to cancel practice during life-threatening climatic conditions when a National Heat Advisory was in effect, which are ministerial acts required by law or policy.

35.     Defendant BHCSD failed to have a cold immersion tub on the field in the event a football player began experiencing heat-illness; a ministerial act required by law.

36.     Furthermore, Defendant BHCSD failed to provide and/or allow Don'Terio Searcy proper hydration, failed to require and/or allow him to wear appropriate football gear, and failed to allow him the proper amount of rest or breaks during football practice, drills, and training, all of which are ministerial acts required by law or policy.

37.     Defendants FLORIDA BIBLE CAMP and BHCSD'S actions and omissions actually and proximately caused the death of Don'Terio Searcy.

38.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural parents and representatives, are entitled to damages pursuant to Georgia's Wrongful Death Act for the full value of decedent's life, including but not limited to the following:

     (a)     Loss of past and future support and services with interest;

     (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy

     (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

     (d)     Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

     (e)     Any and all other and further relief as this Court may deem appropriate.

## COUNT I
## NEGLIGENCE – VIOLATIONS OF MINISTERIAL DUTIES AND REQUIREMENTS
## BEN HILL COUNTY SCHOOL DISTRICT

39.     Plaintiffs hereby incorporate paragraphs 1-38 as though fully set forth herein.

7

40.     This is an action brought against Defendant BEN HILL COUNTY SCHOOL DISTRICT pursuant to the Georgia Wrongful Death Act.

41.     At all times material hereto, Fitzgerald High School football team coaches and staff were employees and/or agents of Defendant BHCSD, acting within the course and scope of their employment with same, and in furtherance of the interest of the school board and with its consent.

42.     As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

43.     BHCSD by and through its employees and agents, owed a duty to Don'Terio Searcy, to act in a prudent and reasonable manner with regards to his health and safety. Fitzgerald High School football coaches and staff breached the duty owed to Don'Terio Searcy and were negligent failed to follow established procedures and instruction by:

A) failing to properly acclimatize football players to climate conditions, including failing to give football players adequate rest periods, and failing to require the use of proper football gear;

B) failing to use a wet bulb globe to determine whether climatic conditions posed a risk to human health, as required by the Georgia High School Association policies of which Fitzgerald High School football team was a member;

C) failing to have medical staff present on the field;

D) failing to have a cold immersion tub on the field;

E) failing to train coaches to recognize heat-illness;

F) failing to train coaches on how to respond to medical emergencies including loss of consciousness and heat-illness;

G) failing to summons medical care for Don'Terio Searcy;

8

H) failing to summons emergency medical care for Don' Terio Searcy;

I) failing to call 911;

J) failing to inform Plaintiff's parents of medical emergency;

K) forcing Don'Terio Searcy to continue practice while exhibiting symptoms of heat-illness and/or a medical need and/or emergency; and,

L) failing to cancel practice during climatic conditions posing risk to human health and when the National Weather Service issued heat advisory warning.

M) Failing to comply with its policy on Concussion Management, an agreement signed with parents which states that if a student exhibits symptoms of a concussion he will be removed from activity and examined by a healthcare provider. The Student/Parent Concussion form lists the symptoms of concussion as: headache, dizziness, vomiting, fogginess of memory, confusion about surroundings, loss of consciousness, all symptoms experienced by Don'Terio Searcy.   Any athlete experiencing the symptoms is to be immediately removed from practice and shall not return to play until examined by a healthcare professional when exhibiting signs of concussion.

N) Failing to comply with the Field Trips and Excursions policy requiring submission of a plan addressing the risks or danger associated with a school trip.  By failing to utilize the wetbulb thermometer, cancel practice during severe climatic conditions, bring trainers or medical professionals to the football camp, and by failing to institute policies and procedures for how to respond to a medical emergency, Defendant BHCSD failed to comply with its Field Trips and Excursions policy.

O) By threatening and harassing decedent and his teammates, shouting profanities and using corporal punishment and bullying while Decedent was experiencing a medical

9

emergency and already lost consciousness once, behavior which amounted to malicious, willful, and/or wanton misconduct.

44.     Defendant BHCSD knew or should have known of the dangers posed by the heat index on or about August 1-2, 2011, as the National Weather Service issued a heat advisory warning for Florida during that time period. Defendant admitted that it knew of the National Weather Service advisory.

45.     In addition, High Springs, Florida annually experiences extreme heat during the month of August. Therefore, Defendant BHCSD knew or should have known the dangers posed by the extreme heat conditions to persons participating in recreational activities during the month of August in general, and August 1-2, 2011; as such, the danger posed to the health of the football players including Don'Terio Searcy was forseeable and predictable.

46.     Defendant BHCSD'S actions and omissions were unreasonable and violated procedures, laws, instructions and policy, were willful and/or wanton, and actually and proximately caused the death of Don'Terio Searcy.

47.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural parents and representatives, claim damages on behalf of his estate as provided by the Georgia Wrongful Death Act for the full value of decedent's life, including but not limited to the following:

        (a)     Loss of past and future support and services with interest;

        (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

        (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

        (d)     Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

        (e)     Any and all other and further relief as this Court may deem appropriate.

## COUNT II
### NEGLIGENCE
### FLORIDA BIBLE CAMP

48.     Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

49.     This is an action brought against Defendant FLORIDA BIBLE CAMP pursuant to the Georgia Wrongful Death Act.

50.     Defendant FLORIDA BIBLE CAMP had a non-delegable duty to act in a reasonable and prudent manner toward its invitees, to use reasonable care to ensure the premise was in a reasonably safe condition, and to warn invitees of known dangerous conditions.

51.     Defendant FLORIDA BIBLE CAMP knew or should have known of the dangers posed by the heat index on or about August 1-2, 2011, as the National Weather Service issued a heat advisory warning for Florida during that time period.

52.     In addition, High Springs, Florida annually experiences extreme heat during the month of August.

53.     Defendant FLORIDA BIBLE CAMP knew or should have known the dangers posed by the extreme heat conditions to persons participating in recreational activities during the month of August in general, and August 1-2, 2011; the danger posed to football players practicing and training on the premise was thus forseeable.

54.     Defendant FLORIDA BIBLE CAMP was negligent and breached the duties owed to Plaintiff DON'TERIO SEARCY by the following actions and inactions:

    A)     failing to inform the Fitzgerald High School Staff and students of the
           National Weather Service's heat advisory warning for Florida during that
           time period;

    B)     failing to promulgate policies and procedures requiring persons or entities
           utilizing their property for recreational purposes including football camps,

11

to cancel practice when climatic conditions reached levels that posed danger to human health, especially when the National Weather Service issued a heat advisory;

C)   failing to have medical personnel present on the property and/or failing to require persons or entities to have medical personnel present on the property;

D)   failing to require persons or entities to utilize wet bulb globes to measure climatic conditions, and/or have life-saving measures available on the premise to combat heat-illness;

E)   failing to promulgate policies and procedures to entities and/or persons utilizing the property on how to respond to emergency medical care and/or how to summon emergency medical care; and,

F)   failing to require entities and/or persons utilizing the subject property to report any serious medical condition or emergency medical condition; such as, loss of consciousness, to property management.

55.   Defendant FLORIDA BIBLE CAMP'S actions and omissions were negligent and unreasonable, and actually and proximately caused the death of Plaintiff Don'Terio Searcy.

56.   Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural and joint representatives, and claim damages on behalf of his estate and as provided by the Georgia Wrongful Death Act, for the full value of decedent's life, including but not limited to the following:

(a)   Loss of past and future support and services with interest;

(b)   Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

(c)   Any and all medical and/or funeral expenses incurred due to the wrongful

12

death of the Decedent;

    (d)    Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

    (e)    Any and all other and further relief as this Court may deem appropriate.

## COUNT III
## VIOLATION OF U.S.C. §1983, XIV AMENDMENT
## BEN HILL COUNTY SCHOOL DISTRICT

30.    Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

31.    This is an action brought against Defendant BHCSD pursuant to the United States Constitution Amendments XIV, in violation of 42 U.S.C. § 1983, guaranteeing every United States citizen the right to life and bodily integrity without due process of law.

32.    At all times material hereto, Fitzgerald High School football coaches were employees and/or agents of Defendant BHCSD, and acting within the course and scope of their employment with same, in furtherance of the interest of BHCSD, with BHCSD's consent, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant BHCSD.

33.    As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

34.    Defendant BHCSD employees deprived Don'Terio Searcy of life and bodily integrity without due process of law by failing to seek or summons emergency medical care, by punishing Don'Terio Searcy while experiencing a  medical emergency by denying him water, forcing him to perform physical drills, threatening and punishing him and his teammates, and shouting profanities at him worsening his medical condition. Disciplining and bullying the minor decedent while he was experiencing a medical emergency further interfered with his right to bodily integrity and life. As Don'Terio Searcy ultimately died from Defendant BHCSD

13

failure to summons emergency medical care and/or its actions and inactions which worsened his medical condition, Defendant ultimately deprived Don'Terio Searcy of his life depriving him of his constitutional rights.

37.     As a direct and proximate result of said Defendant BHCSD employees' acts and omissions, Defendant BHCSD deprived decedent Don'Terio Searcy of the rights guaranteed to him by the Fourteenth Amendment of the United States Constitution.

47.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural parents and representatives, claim damages on behalf of his estate as provided by the Georgia Wrongful Death Act for the full value of decedent's life, including but not limited to the following:

      (a)     Loss of past and future support and services with interest;

      (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

      (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

      (d)     Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

      (e)     Any and all other and further relief as this Court may deem appropriate.

      (f)     Award reasonable attorneys' fees and costs, and all other recovery allowable U.S.C. 1983.

**COUNT IV**
**GEORGIA CONSTITUTION ARTICLE I, PARAGRAPH I**
**BEN HILL COUNTY SCHOOL DISTRICT**

30.     Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

31.     This is an action brought against Defendant BHCSD pursuant to the Constitution of the State of Georgia Article I, Paragraph I, guaranteeing every Georgia citizen the right to life and bodily integrity without due process of law.

14

32.     At all times material hereto, Fitzgerald High School football coaches were employees and/or agents of Defendant BHCSD, and acting within the course and scope of their employment with same, in furtherance of the interest of BHCSD, with BHCSD's consent, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant BHCSD.

33.     As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

34.     Defendant BHCSD employees deprived Don'Terio Searcy of life and bodily integrity without due process of law by failing to seek or summons emergency medical care, by punishing Don'Terio Searcy while experiencing a medical emergency by denying him water, forcing him to perform physical drills, threatening and punishing him and his teammates, and shouting profanities at him worsening his medical condition. Disciplining and bullying the minor decedent while he was experiencing a medical emergency further interfered with his right to bodily integrity and life. As Don'Terio Searcy ultimately died from Defendant BHCSD failure to summons emergency medical care and/or its actions and inactions which worsened his medical condition, Defendant ultimately deprived Don'Terio Searcy of his life depriving him of his constitutional rights.

37.     Defendant BHCSD failure or inaction to summons medical care and its actions meant to punish or further jeopardize Don'Terio Searcy's medical emergency led to deprivation of his constitutional rights to life and bodily integrity. As a direct and proximate result of said Defendant BHCSD employees' acts and omissions, Defendant BHCSD deprived decedent Don'Terio Searcy of the rights guaranteed to him by the Constitution of the state of Georgia.

56.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural and joint representatives, and claim damages on behalf of his estate and as provided by the Georgia

15

Wrongful Death Act, for the full value of decedent's life, including but not limited to the following:

        (a)     Loss of past and future support and services with interest;

        (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

        (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

        (d)     Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

        (e)     Any and all other and further relief as this Court may deem appropriate.

**COUNT V**
**O.C.G.A. § 20-2-731**
**USE OF CORPORAL OR PHYSICAL PUNISHMENT, NEGLIGENCE PER SE**
**BEN HILL COUNTY SCHOOL DISTRICT**

30.     Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

31.     This is an action brought against Defendant BHCSD pursuant to O.C.G.A. § 20-2-731, governing the use of corporal or physical punishment of students and school districts.

32.     At all times material hereto, Fitzgerald High School football coaches were employees and/or agents of Defendant BHCSD, and acting within the course and scope of their employment with same, in furtherance of the interest of BHCSD, with BHCSD's consent, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant BHCSD.

33.     As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

34.     Pursuant to O.C.G.A. § 20-2-731 Defendant BHCSD employees were prohibited by law from using excessive or unduly severe corporal punishment, said employees used it as a first line of punishment, and were not the in the presence of a principal or assistant principal

when said entity used corporal punishment. Defendant BHCSD employee coaches forced Decedent to perform drills after he had already lost consciousness once and exhibited signs of a medical emergency as discussed supra. Said employees also shouted profanities at Decedent, and continued to inflict corporal punishment by forcing him to complete drills that caused physical harm to his body, and by punishing his teammates forcing them to continue drills inflicting corporal punishment on them as well. Defendant employees failed to seek or summons emergency medical care, using corporal discipline and bullying the minor decedent while he was experiencing a medical emergency further interfered with his right to bodily integrity and life, and was malicious, willful, and/or wanton misconduct. As Don'Terio Searcy ultimately died from Defendant BHCSD failure to summons emergency medical care and/or its actions and inactions including the use of corporal punishment which worsened his medical condition, Defendant ultimately deprived Don'Terio Searcy of his life.

37.     As a direct and proximate result of said Defendant BHCSD employees' acts and omissions, Defendant BHCSD breached the duty owed decedent Don'Terio Searcy in violation of O.C.G.A. § 20-2-731.

56.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural and joint representatives, and claim damages on behalf of his estate and as provided by the Georgia Wrongful Death Act, for the full value of decedent's life, including but not limited to the following:

        (a)     Loss of past and future support and services with interest;

        (b)     Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

        (c)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

17

    (d)    Don'Terio Searcy's conscious pain and suffering from the commencement

of his injury through the time of his death; and,

    (e)    Any and all other and further relief as this Court may deem appropriate.

## COUNT VI
## O.C.G.A. § 20-2-751.4
## ANTI-BULLYING STATUTE, NEGLIGENCE PER SE
## BEN HILL COUNTY SCHOOL DISTRICT

30.    Plaintiffs hereby incorporate paragraphs 1-47 as though fully set forth herein.

31.    This is an action brought against Defendant BHCSD pursuant to O.C.G.A. § 20-2-751.4, meant to prevent bullying at a school related function or activity.

32.    At all times material hereto, Fitzgerald High School football coaches were employees and/or agents of Defendant BHCSD, and acting within the course and scope of their employment with same, in furtherance of the interest of BHCSD, with BHCSD's consent, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant BHCSD.

33.    As such, Defendant BHCSD is liable for all of its employees and/or agents acts and omissions that gave rise to this action.

34.    Pursuant to O.C.G.A. § 20-2-751.4 Defendant BHCSD employees were prohibited by law from bullying at school related functions or activities, a willful attempt or threat to inflict injury on a person accompanied by an ability to do so, any intentional verbal act which a reasonable person would perceive as being intended to harass, or intimidate. Defendant BHCSD employee coaches forced Decedent to perform drills after he had already lost consciousness once and exhibited signs of a medical emergency as discussed supra. Said employees also shouted profanities at Decedent, and continued to inflict corporal punishment by forcing him to complete drills that caused physical harm to his body, and by punishing his teammates forcing them to continue drills that inflicting corporal punishment on them as well.

18

Defendant employees failed to seek or summons emergency medical care, using corporal discipline and bullying the minor decedent while he was experiencing a medical emergency further interfered with his right to bodily integrity and life, and was malicious, willful, and/or wanton misconduct. As Don'Terio Searcy ultimately died from Defendant BHCSD failure to summons emergency medical care and/or its actions and inactions including bullying which worsened his medical condition, Defendant ultimately deprived Don'Terio Searcy of his life.

37.     As a direct and proximate result of said Defendant BHCSD employees' acts and omissions, Defendant BHCSD breached the duty owed decedent Don'Terio Searcy in violation of O.C.G.A. § 20-2-751.4.

56.     Plaintiffs Carlton Searcy and Michelle Searcy, decedent's natural and joint representatives, and claim damages on behalf of his estate and as provided by the Georgia Wrongful Death Act, for the full value of decedent's life, including but not limited to the following:

    (a)    Loss of past and future support and services with interest;

    (b)    Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

    (c)    Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

    (d)    Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death; and,

    (e)    Any and all other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CARLTON SEARCY and MICHELLE SEARCY, decedent's natural parents are statutory survivors of his estate, respectfully requests that this Court award

the following damages as provided by the Georgia Wrongful Death Act, including but not limited to the following:

      (a)   Loss of past and future support and services with interest;

      (b)   Loss of earnings and net accumulations to the Estate of Don'Terio Searcy;

      (c)   Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent;

      (d)   Don'Terio Searcy's conscious pain and suffering from the commencement of his injury through the time of his death;

      (e)   The full value of the life of Don'Terio Searcy; and

      (f)   Award reasonable attorneys' fees and costs, and all other recovery allowable U.S.C. 1983.

      (g)   Any and all other and further relief as this Court may deem appropriate.

## TRIAL BY JURY

WHEREFORE, Plaintiffs, decedent DON'TERIO SEARCY, CARLTON SEARCY, as natural father of Don'Terio Searcy; and MICHELLE SEARCY, as natural mother of Don'Terio Searcy, and jointly as Representatives of the Estate of DON'TERIO SEARCY, deceased, and hereby demand a trial by jury on all issues so triable.

Dated this __20th__ day of February, 2014.

                            Respectfully Submitted,
                            **STEEL & MOSS, LLP**

                            John D. Steel
                            Georgia Bar No. 677646

15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 264-1292

20

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter, via U.S. Mail with proper postage affixed to the following counsel of record:

Phillip L. Hartley, Esq.
Hieu M. Nguyen, Esq.
Harben, Jartley & Hawkins, LLP
Suite 750, Wells Fargo Center
340 Jesse Jewell Parkway
Gainesville, Georgia 30501

John T. Croley, Jr., Esq.
311 West Central Avenue
P.O. Box 690
Fitzgerald, GA 31750-0690

Dated this 20th day of February, 2014.

STEEL & MOSS, LLP

By: _____
John D. Steel
Georgia Bar No. 677646

Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 1560
Atlanta, Georgia 30305

21